STATE OF FLORIDA *ex rel.* W. R. GARY, *Petitioner*, v. E. C. DAVIS, AS JUDGE OF THE CIRCUIT COURT, FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR OKEECHOBEE COUNTY, H. H. HANCOCK, KISSIMMEE RIVER CATTLE COMPANY AND WILLIAM COLLINS, *Respondents.*

Opinion Filed March 23, 1922.

Where a Circuit Judge issues a rule in contempt proceedings charging a person with violating an order of the court, and it duly appears that no valid order of the court or judge has been violated, further proceedings on the contempt rule may be prevented by a writ of prohibition issued by the Supreme Court.

An Application for a Writ of Prohibition.

Demurrer sustained.

*E. J. L'Engle, F. L. Hemmings, Parker & Thomas* and *P. L. Gaskins,* for Petitioner;

*Blackwell, Donnell & McCracken,* for Respondents.

WHITFIELD, J.—It appears that on December 22, 1921, the Circuit Judge, acting under Section 1547 Revised Gen-

eral Statutes, 1920, made an order of removal of two of the trustees of county bonds of Okeechobee county; that on December 24, 1921, the court granted the removed trustees an extension of fifteen days for filing a motion for new trial, and ''Ordered that all proceedings on the final judgment herein, dated the 22nd day of December, 1921, be and the same are hereby stayed, and that no action be had or taken on said judgment until said respondents within the time hereinabove allowed, shall file their motion for new trial herein, and such motion shall be considered and determined by this court.''

On December 27, 1921, without notice being given, the court made the following order: ''This cause coming on to be heard on complainants' motion for a modification of an order heretofore entered in the above cause granting leave of fifteen days to make a motion for a new trial, and it being made to appear to the court that said order granting said extension of time within which to make motion for a new trial also contained a clause superseding or staying a former order in said cause removing defendants as bond trustees, and it not being the intention of the court to stay said former order, but it being the intention of the court that said former order removing said bond trustees be not staid or suspended but that the same be considered in full force and effect; it is therefore upon consideration thereof ordered, adjudged and decreed that said order granting an extension of time to make motion for a new trial be and the same is so modified as not to stay or suspend or hold in abeyance said former order removing said defendants as bond trustees; it is further ordered, adjudged and decreed that said former order in this cause removing said defendants as bond trustees be and the same is hereby declared to be not said, or suspended or held in abeyance,

but that the same is hereby declared to be of full force and effect, and the defendants are hereby ordered and directed to obey and heed said order so removing them as bond trustees and to give full force and effect thereto.''

On December 28, 1921, the court made an order reciting the removal of the trustees on December 22, 1921, and stating "that thereafter, to-wit, on the 24th day of December, A. D. 1921, the court did enter an order in said cause allowing the said W. R. Gary fifteen days in which to file and present a motion for a new trial in said cause, which said cause, which said order was so worded as would indicate that the Court intended thereby to stay or supersede or hold in abeyance said final order so removing said W. R. Gary as Bond Trustee, and on motion of said petition in said cause said court did on the 27th day of December, A. D. 1921, enter its order in said cause in which it ordered and adjudged that it did not intend in and by said order allowing time within which to present and file a motion for new trial to stay, supersede or hold in abeyance said final order removing said W. R. Gary as Bond Trustee and this Court did in and by its order of the 27th day of December, A. D. 1921, order and adjudge that said final order removing said W. R. Gary as Bond Trustee was not stayed, superseded or held in abeyance, but that the same was of full force and effect and that said W. R. Gary was ordered and directed to obey the same and give full force and effect thereto.

3.

"And on the 24th day of December, A. D. 1921, after the Court entered its said final order removing the said W. R. Gary as Bond Trustee the Court having in and by said order also removed the said Alex Sloan as Bond Trustee,

the County Commissioners of Okeechobee County, Florida, did meet and appoint Solon D. Platt and J. B. Atkins on as Bond Trustees in lieu of and to serve in the place of W. R. Gary and Alex Sloan so removed by the Court, and they did accept the appointment and did give bond as required by the County Commissioners of said County, and they are, together with H. H. Hancock, duly qualified and acting bond trustees for said county.

4.

"That the said W. R. Gary when he was Bond Trustee as aforesaid he had in his possession books and papers of said Bond Trustees and a large sum of money as such Bond Trustee, to-wit, the sum of One Hundred and Fifty Thousand Dollars ($150,000.00) or more, the exact amount being to petitioner unknown; that on the 27th day of December, A. D. 1921 after making and filing all of the aforesaid orders of this Court demand was made of W. R. Gary by said Bond Trustees duly appointed, qualified and acting as such for said sum of money to which said bond trustees were then and are now entitled, but the said W. R. Gary did refuse and still refuses to pay over the same.

"These are, therefore, to command you, the said W. R. Gary, to be and appear before this Court at West Palm Beach, Florida, on the 30th day of December, A. D. 1921, and then and there show cause, if any you have, why you should not be held and adjudged to be in contempt of this Court.

DONE, ORDERED AND ADJUDGED at West Palm Beach, Florida, this the 28th day of December, A. D. 1921."

On December 31st, 1921, the Court made the following order:

"The Court having entered a final order in this cause removing W. R. Gary and Alex Sloan as Bond Trustees for a certain bond issue in Okeechobee County, and a motion having been filed for a new trial in said cause which is undisposed of and a demand having been made by H. H. Hancock, Chairman of the Board of Bond Trustees aforesaid, upon W. R. Gary for certain moneys supposed to be in the hands of W. R. Gary as said Bond Trustee, and the said W. R. Gary having refused to recognize the said demand and having refused to deliver to H. H. Hancock any money in his hands as such Bond Trustee, and it appearing to the Court that in all probability current bills for the construction of roads and other work now being carried on in Okeechobee County will be rendered against the said bond money to the County Commissioners and it will in all probability become the duty of the said County Commissioners to order sums paid from the said bond money by the said Bond Trustees before the said W. R. Gary recognizes the order of this Court removing him as said Bond Trustee, and to the end that said H. H. Hancock, Chairman of the said Board of Bond Trustees, may have on hand sufficient money to pay such current bills that are proper and legal,

IT IS ORDERED AND ADJUDGED that said W. R. Gary do, forthwith upon the demand of the aforesaid County Commissioners, pay over sufficient sums to H. H. Hancock, Chairman of said Board of Bond Trustees, to be used by the said H. H. Hancock in paying such current expense and bills as may be necessary in the opinion of the Board of County Commissioners for carrying on the construction of

roads now in process of construction in Okeechobee County."

On December 31, 1921, notice was served of a hearing on the motion for new trial on January 6, 1922. On January 5, 1922, Gary, one of the removed trustees, presented in this court a petition for a writ of prohibition. A rule was issued to show cause why a writ of prohibition should not be issued. A return to the writ was made.

The question to be determined is whether the Circuit Judge exceeded his judicial powers when he issued a rule for contempt against Gary one of the removed trustees for refusing to pay over upon demand money held by him as trustee.

While the original stay order did not deprive the Circuit Judge of power to recind it, yet it should not have been recinded without notice, except upon a strong showing of necessity to protect the public interests, after time had been allowed for making a motion for new trial upon the removal order. The discretion given the Circuit Judge by statute to extend the time for making motions for new trial, is intended to serve a useful purpose in the administration of the law; and to conserve the public interests or the interest of litigants, the time for making motions for new trials should not be unduly extended. A defendant has a right to a writ of error to a final judgment against him and also to make a motion for new trial, but the time for the latter need not be extended further than is just to the defendant. And when a motion for a new trial is duly pending, and is being duly prosecuted, the judgment should not be enforced so as to unduly deprive the defendant of his right to a writ of error and a supersedeas predicated thereon.

In the order of December 27, 1921, the "defendants" were "ordered and directed to obey and heed said order so removing them as bond trustees and to give full force and effect thereto." This order is not a legal predicate for contempt proceeding against Gary for refusing to pay over money in his official custody to the newly appointed trustees upon their demand or to the chairman of the board of county commissioners on his demand, in the absence of due legal proceedings and judicial orders or writs commanding it to be done.

When the rule in contempt was issued, December 28, 1921, the respondent had not violated any order of the court; and the order of December 31st, 1921, could not operate retrospectively to put Gary in contempt, even if it was authorized by law. The order of removal was not self executing and the court was not authorized to enforce the order except by due process of law.

As the petitioner here had not violated any valid order of the court, the rule in contempt was unauthorized and the demurrer to the return is sustained.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.