STATE OF FLORIDA, ex rel. MARION BROOKS, *Relator*, vs. W. L. FREELAND, as one of the Circuit Judges in and for the Eleventh Judicial Circuit of the State of Florida, *Respondent.*

138 So. 27.

En Banc.

Opinion filed November 23, 1931.

*David B. Newsom* and *Will H. Price,* of Miami, for Relator;

*E. F. P. Brigham,* of Miami, for Respondent.

*W. L. Freeland,* Circuit Judge, *in pro per se* for Respondent.

DAVIS, J.—This is an original proceeding in prohibition. The object sought is to permanently prohibit the respondent, Hon. W. L. Freeland, one of the Circuit Judges

of the Eleventh Judicial Circuit of this State, from requiring the relator, Marion Brooks, an attorney at law, to return into the registry of the court the sum of $1572.08 alleged to have been withdrawn by him for his client under order of Hon. H. F. Atkinson, another judge of the same Circuit, in a cause wherein W. & W. Corporation was complainant, and Max Feit, et al., were defendants, under penalty of being committed to jail for contempt of court.

The writ of prohibition may be used to restrain an excess exercise of jurisdiction, as well as to prohibit the exercise of judicial power where none at all exists. Where a court has jurisdiction, and while proceeding to exercise it, goes beyond its legitimate powers, the writ of prohibition lies to restrain such court to its lawful powers in the premises. State v. Hocker, 33 Fla. 283, 14 Sou. Rep. 586; State v. Wright, 40 Fla. 297, 24 Sou. Rep. 160; State v. Parks, 94 Fla. 91, 113 Sou. Rep. 702; State v. Davis, 83 Fla. 422, 91 Sou. 267.

In the instant case Brooks, the relator, was not a party to the cause pending before the Circuit Judge but was an attorney for complainant. An order was made during the progress of the cause overruling objections to a Receiver's report, and among other things, ordering all the receivership moneys deposited by the Receiver in the registry of the court subject to the further order *of the court*. The receiver complied with the order and deposited the money. An appeal from an order made in the cause was duly taken, filed and heard by this Court and the order appealed from was reversed. See W. & W. Corporation v. Feit, 134 Sou. Rep. 57.

On May 7, 1930, after the jurisdiction of the Supreme Court had attached to the subject-matter (which did not contain the disbursement of the fund here involved) and the parties with regard to the order appealed from, a joint motion was filed by the solicitor for the complainant and the solicitor for the defendants, praying that the

money in the registry of the court, placed there by order of Judge Freeland, be disbursed.

This motion was set for hearing before and recognized by Hon. H. F. Atkinson, one of the Circuit Judges of Dade County. This was on the hypothesis that Judge Atkinson, as a Judge of the Eleventh Judicial Circuit had as much right to exercise jurisdiction in the particular case as did Judge Freeland. In accordance with the prayer of the motion, Judge Atkinson directed the Clerk of the Circuit Court to make the disbursements prayed for.

Marion Brooks, one of the attorneys in the cause, received $1625.28 of the moneys ordered disbursed by Judge Atkinson, and filed his receipt for it. The balance of the money was disbursed under the same order to other parties who are not involved here.

On March 11, 1931, the Supreme Court disposed of the order appealed from and reversed it, remanding the cause for further proceedings. After the Supreme Court's mandate was lodged in the Circuit Court, Brooks, solicitor for the complainant in the principal cause, filed his motion for an order of reference in accordance with the mandate. Judge Freeland, who heard the motion, took the position that the appeal to the Supreme Court had during its pendency deprived the Circuit Court of all jurisdiction over the cause with reference to the disbursement of the receivership funds which had been ordered by Judge Atkinson, and that Brooks, the attorney, who had obtained part of the money under Judge Atkinson's order, should be required to return the money to the registry of the court, and that he should be held in contempt of court if he refused to do so.

The rule *nisi* in contempt issued by Judge Freeland to require the attorney, Brooks, to return the money is challenged by said attorney, who brings this proceeding

for a writ of prohibition against Judge Freeland with respect to the phase of the case above referred to.

It is the opinion of this Court that the relator Brooks has committed no contempt of court in receiving the moneys disbursed under order of Judge Atkinson, whether Judge Atkinson properly made his order of disbursement or not, and that said attorney committed no contempt of court in refusing to pay back such money when ordered to do so by Judge Freeland after remand of the cause from the Supreme Court, and that in attempting to coerce said attorney, Brooks, to return said money to the registry of the Court under penalty of being fined for contempt or committed to jail therefor, that Judge Freeland's contempt proceedings herein sought to be probihited were wholly in excess of his jurisdiction and that the peremptory writ prayed with regard thereto should be issued.

Judge Atkinson, who made the order of disbursement, did so as a Judge of the Circuit Court of Dade County. As one of the four Judges of that Circuit, he had as much power and right to make such order as did Judge Freeland.

Orders of this kind, while entered by one of the particular individuals who happens to hold the judicial office of Circuit Judge, are nevertheless orders of the Circuit Court of Dade County. It would hardly be contended that Judge Freeland, had he made the order of disbursement instead of Judge Atkinson, could have held the attorney in contempt for obeying his own order, or for refusing to undo what he had ordered or authorized to be done, even though such order might have been an invasion of the jurisdiction of the Supreme Court on the appeal, which we hold that it was not as shown by the record in the case appealed.

The action taken in ordering the moneys disbursed, whether by Judge Freeland or by Judge Atkinson, was the action of the *Circuit Court* and not the action of the

individual judge, nor can it be justly said that any one individual judge of a circuit having more than one judge, acquires any prescriptive jurisdiction to make all the orders in any one particular case, to the exclusion of the authority or power of the other judge to assume and exercise jurisdiction in that same case when the exercise of jurisdiction is properly invoked in such case and such other judge has the parties and papers before him for that purpose at the time he takes action judicially.

What was done by Brooks was done under order of the *court*. The authority followed was the *court's* authority when the money was disbursed.

Judge Freeland's right to punish the relator for contempt for obtaining or following Judge Atkinson's order is no greater than it would be if he himself had made the order that Judge Atkinson made. The error in the argument to the contrary is the assumption that the orders in question were the orders of the individual judges instead of the court's orders.

So the writ of prohibition must be awarded and it is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.