STATE *ex rel.* M. S. McGREGOR v. J. E. PEACOCK, *County Judge.*

152 So. 616.
Division B.
Opinion Filed January 25, 1934.

*M. S. McGregor,* for Petitioner;
*Elmer R. Jones,* for Respondent.

PER CURIAM.—This is a case of original jurisdiction in which the petitioner, an attorney at law, applied for a writ of prohibition to inhibit the County Judge of Volusia County, who is respondent, from further proceeding to hear and determine a contempt matter instituted with reference to petitioner.

Upon demurrer to the petition in prohibition, a majority of the Court hold that the demurrer should be sustained and the rule *nisi* in prohibition should be quashed, on the ground that, under Section 4161 C. G. L., 2534 R. G. S., the County Judge has jurisdiction to determine in the first instance whether or not the acts set forth in the citation for contempt do, or do not, constitute a contempt under the

circumstances alleged. If the County Judge should exceed his powers in the premises and adjudge petitioner guilty of a contempt because of matters and things charged and shown which are in law, no basis for a contempt adjudication, an appropriate remedy in due form of law exists for the redress of any palpable error or abuse which may be made to appear, either as to law or fact. Baumgartner v. Joughin, 105 Fla. 335, 141 Sou. Rep. 185, 107 Fla. 858, 143 Sou. Rep. 436; Wilson v. Joughin, 105 Fla. 353, 141 Sou. Rep. 182; State *ex rel.* Brooks v. Freeland, Circuit Judge, 103 Fla. 663, 138 Sou. Rep. 27.

Judicial wisdom and the experiences of the past would seem to demand that the extraordinary powers given to courts to punish for contempt be not used except to prevent *actual* and *direct* obstruction of, or interference with, the administration of justice, by, the acts of attorneys at law in the manner or means used to present their controversies in the courts.

This is especially true of cases where attorneys have felt it their duty to invoke the provisions of our statutes allowing a challenge to be interposed against judges on the ground of their alleged prejudice. In such cases attorneys at law when acting in good faith, should not be unduly embarrassed in the performance of their official responsibilities by being subject to an atmosphere of threatened punishment for contempt that may make the attorney's position before the court one of being psychologically overawed.

But even in cases of proceedings to invoke the disqualification of a judge, the power to punish for contempts exists where there is such uncalled for acts or wrongful conduct as amounts to an actual and direct obstruction to, or interference with, the administration of justice, and it is only with erroneous or abusive exercises of such power to

818

punish for contempt that this Court can be concerned when properly called on to grant relief.

Rule *nisi* in prohibition quashed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.