**EVALYN A. CREGIER v. STATE OF FLORIDA, et al**

29. So: (2nd) 308                                    January Term, 1947
February 28, 1947                                    Division B

*Thos. B. Adams* and *Carroll Dunscombe,* for appellant.
*Evans Crary,* for appellees.

ADAMS, J.:

Pursuant to Sec. 62.32, et seq., Florida Statutes, 1941, F.S.A., Evalyn A. Cregier filed a petition for restoration to sanity in the Circuit Court of Dade County.

An order was duly entered adjudging her to be judicially sane and requiring her guardian to restore her property to her. Thereafter on motion duly made, a rule was issued to the guardian to show cause why he should not be in contempt for failure to account.

The guardian made return that Evalyn A. Cregier was duly adjudged insane by the County Judge of Martin County and he was appointed guardian of her property by the same court; that he gave bond as required by court order and proceeded to exercise his duty. At this point the chancellor declined to proceed with the accounting and left the parties to the forum of the County Judge's court of Martin County.

The Circuit Court of Dade County had jurisdiction to proceed with the accounting. Likewise the County Judge's Court of Martin County had jurisdiction over it. The chancellor exercised sound judicial discretion in leaving the parties to the forum of Martin County because that is where the property is located; where the guardian resides and where the bond was given for the faithful performance of the guardian's duties. The decree appealed from was entered pursuant to discretion of the chancellor and we find no error in same.

Affirmed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.