### STATE ex rel. FENNELL v. COUNTY JUDGE, et al.

Circuit Court, Dade County.

November 13, 1952.

J. M. Flowers, Miami, for the relator.

Richard W. Rodgers, Miami, for co-respondent Robert T. Fennell.

CHARLES A. CARROLL, Circuit Judge.

On consideration of the suggestion for writ of prohibition, in the judgment of the court a prima facie case has not been made out, whereupon the application for a rule to show cause is hereby denied (see section 80.07, Florida Statutes 1951) and the case is dismissed at relator's cost.

The subject matter of the suggestion for the writ of prohibition—except its effort to prevent enforcement of a certain order of the county judge—is included in an amended bill filed October 27, 1952 in a separate equity suit pending between the parties (chancery no. 152690-J) in which an application for an injunction to restrain the co-respondent here, Robert T. Fennell, from progressing the matter in the county judge's court in the respects complained of in the suggestion for prohibition, is scheduled to be heard at an early date.

The suggestion also fails to make a prima facie case as to the county judge's order for payment of certain monies. It simply seeks to prevent the enforcement by a court of its own order made in connection with a guardianship accounting proceeding pending before it—with no sufficient showing made or suggested why a guardian who is under statutory duty to account and who has been ordered by a court to account is not amenable to the orders of the court directing payments to be made in connection with such account. See section 62.35(3), Florida Statutes 1951, and Cregier v. State (Fla.), 29 So. 2d 308.

In making this order, the court does not hold or imply that a litigant such as the guardian in question may not challenge the correctness of such an order by appeal as authorized by law.