DREW, Justice.
After he had been restored to judicial sanity and his personal liberty, pursuant to *60 Section 62.35(1, 2) Florida Statutes 1951, F.S.A., Daniel Douglas Campbell applied to the Circuit Court of Dade County for and received an Order requiring his guardian to make full settlement with him of his property in her hands, custody and control.
The guardian had been appointed by the County Judge of Dade County in 1935 and had made her accountings and reported on her administration of the affairs of her ward to him periodically since said time. The record reveals that on the entry of the Order requiring the settlement, the guardian made an accounting in the County Judge’s Court but did not turn over the ward’s property to him. Upon this fact being made known to the Circuit 'Judge, he entered an Order committing the guardian to jail for contempt until she should obey the Court’s previous Order. Shortly thereafter, on application to another Circuit Judge of the same Circuit the Contempt Order was set aside and vacated. It is from this latter Order that this appeal is prosecuted by the ward.
The appellant has misconceived his remedy and has prosecuted appeal instead of certiorari. We shall consider the appeal as certiorari under the provisions of Section 59.45 Florida Statutes 1953, F.S.A.
In the case of Cregier v. State, 158 Fla. 514, 29 So.2d 308, we held, in a similar case, that both the Circuit Court, which entered the Order restoring sanity,- and the County Judge’s Court, where the guardian had been appointed, had jurisdiction over the accounting between the guardian and the ward involved in that appeal. ' We further held that the Circuit Court there exercised sound judicial discretion in refusing to adjudge the guardian in contempt for failure to account, thus leaving the parties to the forum of the County Judge’s Court.
It therefore appearing that it would have been no abuse of discretion to have refused to enter the Contempt Order in the first instance, it is not an abuse of discretion to vacate it once it was entered. The fact that the Order was vacated by a Circuit Judge other than the one who entered it is of no consequence. See State ex rel. Brooks v. Freeland, 103 Fla. 663, 138 So. 27.
The Order appealed from is affirmed without prejudice, however, to the ward to take such further action before either the Circuit Court or in the County Judge’s Court of Dade County, as he may be advised.
Affirmed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.