PER CURIAM.
This interlocutory appeal in a divorce suit seeks reversal of an order relating to discovery, an order refusing a requested continuance, and an order of the chancellor denying a suggestion for disqualification.
The orders relating to certain pretrial discovery and denying a continuance were within the discretion of the chancellor, under the rules of practice. It is not shown that the chancellor abused his discretion, and it would serve no useful purpose to discuss those matters in detail here.
*56 We also conclude that the learned chancellor was correct in his order refusing to disqualify himself on the suggestion for his disqualification as applied for by the plaintiff wife. In sum, the ground she asserted was that the judge was biased in favor of her lawyer through prior close association with her lawyer dating back to the time when the judge was a practicing attorney. Her fear, as expressed in her affidavit, was that she would be unfairly treated because the judge would, as she put it, “bend over backwards to prove that he does not favor his friends, and in so doing will unintentionally injure me,” etc.
While required to accept the allegations of the affidavit as true, the trial judge had jurisdiction and power to pass upon the question as to whether he must withdraw from the case by reason of the allegations of his disqualification set out in the suggestion and affidavits. Only that bias which is charged and set forth is material to the disqualification, and the question to be determined here is one of law as to whether a sufficient ground of disqualification was submitted to the court in compliance with requirements of the statute, § 38.10, Fla. Stat, F.S.A.
In State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, the Supreme Court held that a judge’s prejudice against a lawyer would not necessarily extend to his client, but that it could not be said that a judge’s prejudice against a lawyer could not be of such a degree as to adversely affect his client, and, therefore, if it existed in such manner and severity as to justify fears of prejudice extending to the lawyer’s client, that party would be entitled to enforce disqualification. See State ex rel. Fuente v. Himes, 160 Fla. 757, 36 So.2d 433; Ginsberg v. Holt, Fla.1956, 86 So.2d 650. In the instant case we must agree with the chancellor that the affidavits submitted were insufficient to warrant the assertion of fear on the part of the plaintiff that she would not receive a fair trial. See Ervin v. Collins, Fla.1956, 85 So.2d 833.
We have been shown no precedent holding that a judge may be disqualified by a litigant because of his friendship with the applicant’s attorney. The position taken by the plaintiff in that respect appears unfounded and unrealistic. Section 38.10, Fla.Stat, F.S.A., in making provision for disqualification of a judge for prejudice, refers to prejudice against the applicant or in favor of the adverse party, and does not list, as a basis for disqualification, a party’s fear that he or she will not receive a fair trial because of friendship of the judge or even bias in favor of the applicant, or of the applicant’s lawyer. Assuming the form of the suggestion was sufficient, the facts and grounds alleged therein and relied on were not sufficient to constitute a legal basis for disqualification.
Affirmed.
" HORTON, C. J., and CARROLL, CHAS., J., concur.
PEARSON, J., concurs in part and dissents in part.