THOMAS, Justice.
In Pasco County and the Sixth Judicial Circuit of Florida there pended the case of State Road Department v. Aiken et alii, including George P. Scussel and Louise W. Scussel, his wife. The Scussels were represented by Charlie Luckie, Jr., and the case was presently to be heard by Honorable Richard Kelly, one of the judges of that circuit and resident of the county. On 18 March 1963 the defendants-Scussel by their attorney, Luckie, filed a suggestion of disqualification of the judge, under Sec. 38.10, Florida Statutes, F.S.A., on the ground he was so biased and prejudiced against the attorney that he could not give the clients a fair trial. State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613; Orlowitz v. Orlowitz, Fla.App., 121 So.2d 55. On 26 March 1963 evidently before any progress in the main case had been accomplished and before any determination of the disqualification proceedings had been reached, three citations were served on the attorney commanding him to show cause why he should not be held in contempt of court because of disrespectful statements contained in the original and supporting affidavits inaugurating the disqualification proceeding.
The following day the judge served notice on the attorney that the disqualification matter would be heard two days hence and sometime within the two-day period intervening between notice and the time set for the hearing, the attorney, Luckie, *872 and his clients, the Scussels, applied in the District Court of Appeal, for a writ of prohibition to preclude the judge from further proceeding to entertain the principal case as well as the contempt charges. On 28 March 1963 a rule nisi issued.
 May 2, 1963, the District Court of Appeal entered its order, 152 So.2d 767, prohibiting Judge Kelly “from proceeding further in the case of State Road Department of Florida v. Aiken, et al., insofar as it affects the Scussels, other than to enter his order disqualifying himself * * (Italics supplied.) The court observed that it was familiar with the case of Dickenson v. Parks, 104 Fla. 577, 140 So. 459, even so it was the conclusion that citations for contempt indicated “an indirect but nonetheless real adjudication of the sufficiency of the suggestion * * In that case we said that it was proper for a judge to determine whether or not a suggestion of disqualification tracked the statute but, of course, once that was done he could not decide whether he was or not disqualified. So we feel that Judge Kelly had the power, if indeed, he did not have the duty, to judge the suggestion by the statute, and if he found that it conformed to the law he could but disqualify himself. He seems to have been deprived of the right to do that on the theory that the citations for contempt amounted to a ruling on the sufficiency of the disqualification or, in the words of the court, “[wjithout discussing * * * the possible effect of the peculiar phrasing of the contempt citations as indicating an indirect but nonetheless real adjudication of the sufficiency of the suggestion” the argument of Judge Kelly that prohibition was not proper inasmuch as he had not acted on the disqualification, was rejected.
Careful study leads us to believe that the rule in the cited case was not followed and that deviation from it resulted in a conflict that vested jurisdiction in this court to resolve the point. Orlowitz v. Orlowitz, supra.
It must be remembered that the proceedings in contempt though related to the main litigation, actually presented a case of the court versus the attorney while the disqualification involved the question whether or not in a suit between Aiken and the Scussels the judge was so prejudiced against the attorney as to affect vicariously his clients, the Scussels. Yet the two were blended and resulted in a judgment prohibiting “the trial judge from proceeding further in the principal case, except to disqualify himself, and from proceeding further in the contempt cases.” (Italics supplied.)
The language following this pronouncement does not alter our view that conflict intended to be avoided by empowering this court to resolve conflicts by certiorari has arisen. It is: “We do this because of the unusual factual situation in this case * * * and do not lay this down as a general rule * * * ” thereby, presumably, undertaking to engraft an amendment on a rule we think has been firmly established.
Our decision in State ex rel. McGregor v. Peacock, 113 Fla. 816, 152 So. 616, indicates that the power of a trial judge to determine whether or not certain acts are contemptuous is not unlike his power to pass upon petitions for disqualification.
 It is usual that when this court assumes jurisdiction of a cause because of a conflict in decisions, the court will go further and determine the merits. But application of that rule is not practicable here because were an effort made to judge the merits of either the disqualification or the contempt proceedings, the result would be the same error committed by the District Court of Appeal, namely, a premature treatment of problems deserving first consideration by the circuit court.
Entertaining the views we have expressed, it is our judgment that the decision of the District Court of Appeal be—
Quashed.
THORNAL, O’CONNELL and ERVIN, JJ-, concur.
ROBERTS and CALDWELL, JJ., dissent