*873 On Rehearing.
PER CURIAM.
On rehearing granted and upon further consideration of this cause, the opinion filed herein March 25, 1964 is adhered to and readopted as the decision of this Court.
It is so ordered.
THOMAS, Acting C. J., and THORN-AL, O’CONNELL and SEBRING (Ret.), JJ., concur.
BARNS, PAUL D. (Ret.), J., dissents with opinion.
ROBERTS and CALDWELL, JJ., dissent and concur with BARNS, PAUL D. (Ret), J.
BARNS, PAUL D., Justice
(Ret.) (dissenting).
Jurisdiction of this court of this matter is by reason of certiorari granted because it was made to appear-that the decision of the District Court of Appeal, Scussel v. Kelly, Fla.App. 1963, 152 So.2d 767, was in conflict with the prior cases of State ex rel. McGregor v. Pedcock, 1934, 113 Fla. 816, 152 So. 616, and Orlowitz v. Orlowitz, Fla.App.1960, 121 So.2d 55, on the “same points of law”, Section 4(2), Article V of the Constitution, F.S.A.
The Scussels, defendants to an action in the trial court, were represented by Charles Luckie, Jr., as their attorney. Acting together they filed a suggestion of disqualification of Judge Kelly in the case, as authorized by Section 38.10, Florida Statutes, F.S.A. Instead of acting on the suggestion and adjudicating the sufficiency of the suggestion of disqualification, the judge proceeded to cite attorney Luckie to a hearing in contempt on three citations, all based on the content of the suggestion for disqualification and supporting affidavits. By reason of the contempt proceedings and other stimulating factors, the Scussels and Luckie sought and obtained the writ of prohibition now under review. For a more extensive statement of the facts, see 152 So.2d 767.
- In this proceeding on certiorari, the petitioner, Judge Kelly, seeks to have the judgment in prohibition quashed on the grounds that the trial judge had jurisdiction to pass on the merits of the suggestion of disqualification and the questions of contempt and that, therefore, the absolute writ of prohibition was error, relying on the general principles of law as stated in Orlowitz v. Orlowitz, supra, relating to the trial judge’s jurisdiction to determine the sufficiency of the suggestion of disqualification, and State ex rel. McGregor v. Peacock, supra, relating to the trial judge’s jurisdiction to determine the question of contempt; hence, that if the trial judge had jurisdiction, the judgment granting prohibition was error.
The decisions in the Orlowitz and Peacock cases are sound and should not be departed from. Of the two cases only the Peacock case was in prohibition. In the Peacock case, the discretionary writ of prohibition was denied. In this Scussel case, the discretionary writ of prohibition was granted. The facts and circumstances of the two cases have little in common which variance accounts for the writ being denied in one instance and granted in the other.
Since it appears that the institution of the contempt proceedings sparked the prohibition proceedings under review, I will first examine the applicable law in that respect.
There is no question but that Judge Kelly had jurisdiction in the contempt proceedings and had power to proceed in the matter, but more than mere jurisdiction is involved here as will appear from the decision under review. (152 So.2d 767). The law relative to the issuance of prohibition is that notwithstanding that the judge may have jurisdiction, prohibition may issue to restrain an excess in the exercise of jurisdiction where there is no substantial basis in law justifying it. State ex rel. Brooks v. Freeland, 1931, 103 Fla. 663, 138 So. 27. *874 The court in State ex rel. McGregor v. Peacock, supra, after stating facts showing that the contempt proceedings were not without some foundation, and after citing the Free-land case, stated:
“(I)t is only with erroneous or abusive exercise of such power to punish for contempt that this court can be concerned when properly called on to grant relief [by prohibition].” ..
Furthermore, as stated in the Peacock case, supra:
“ * * * (I)n cases of proceedings to invoke the disqualification of a judge, the power to punish for contempt exists where there is such uncalled for acts or wrongful conduct as amounts to an actual and direct obstruction to, or interference with, the administration of justice * * *.”
From the record before it, the District Court of Appeal found that the suggestion of disqualification was well founded because of the judge’s prejudice against Lucido and that Luckie’s acts in procuring and filing the affidavits in support of the suggestion of disqualification were privileged, which removes the foundation for contempt proceedings. The opinion, Scussel v. Kelly, supra, text 152 So.2d p. 783, states :
“ * * * We are of the view then that when a judge, who is disqualified for prejudice toward an attorney, cites the attorney for contempt by reason of privileged acts, the judge exceeds his jurisdiction and can be prohibited from proceeding further.”
Another point of law presented is that the granting of the writ of prohibition was premature in that the judge had not ruled on the suggestion of disqualification. It is true he had not ruled on the suggestion, but instead commenced contempt proceedings as above mentioned. Petitioner relies on the law as stated in Orlowitz v. Orlowitz, supra, relating to suggestions of disqualification of judges under Section 38.10, Florida Statutes, F.S.A., which decision held:
“While required to accept the allega-^ tions of the affidavit as true, the trial judge had jurisdiction and power to pass upon the question as to whether he must withdraw from the case by reason of the allegations of his disqualification set out in the suggestion and affidavits * *
It is correct that under such circumstances he does have the power and right to pass on the sufficiency of the suggestion. His “right” to determine the sufficiency relates to his duty to so determine; but the use of his power and exercise of his right cannot properly be by-passed by the judge for extraneous purposes and he then be permitted to use the nonexercise of his power to vitiate appropriate proceedings induced by his action. Such power and right is more for the benefit of the litigants than for the judge and it is exercised only in discharge of his duty.
I would quash the writ.
ROBERTS and CALDWELL, JJ., concur.