488 So.2d 884 (1986)
Gregory Lenoir ALLMAN, Petitioner,
v.
William C. JOHNSON, Jr., Etc., et al., Respondents.
No. 86-224.
District Court of Appeal of Florida, Fifth District.
May 15, 1986.
Henry P. Duffett, of Duffett, Seps and Akers, Ormond Beach, for petitioner.
Jim Smith, Atty. Gen. and James A. Peters, Asst. Atty. Gen., Tallahassee, for respondents.
COWART, Judge.
In 1983 a custodial mother instituted a URESA proceeding in Ohio, an "initiating *885 state" under section 88.031(6), Florida Statutes, to enforce in Florida, as a responding state under section 88.031(17), Florida Statutes, a duty of child support originally adjudicated in 1972 in Georgia, claiming a present duty of child support plus arrearages of $10,700 due under the Georgia support order. Pursuant to a stipulation between the obligor-father and the state attorney of Volusia County, Florida (as "program attorney" under sections 88.031(10) and 88.181(2), Florida Statutes), the responding circuit court in Volusia County, Florida, by order dated May 3, 1984, adjudicated that the father had a continuing duty of child support and that he should pay $400 per month. The order further provided that "the arrears of $10,700 are to be held in abeyance for six months pending a review of the respondent's financial status."
Thereafter by a "motion to modify support order" dated November 21, 1985, the custodial mother and a prosecuting attorney of the initiating state, Ohio, petitioned the Florida court for "an order for the reduction of the arrears of $10,700 held in abeyance." The Florida court set a hearing on the mother's motion and summoned the father to appear. By order dated February 6, 1986, nunc pro tunc to January 17, 1986 (the date of the hearing), the trial court found an arrearage of $10,700 and forthwith found the father to be in contempt of court. The court ordered payment of the $10,700 within thirty days failing which "this court will, without further notice, cause a capias to be issued and respondent shall serve six (6) months in the Volusia County jail." The father petitioned for a writ of prohibition.
We grant the father's petition for writ of prohibition. Assuming without deciding that, in addition to other remedies,[1] the responding court in this state has jurisdiction to adjudicate arrearages due under a foreign child support order and order an obligor parent to pay such arrearages and enforce such Florida order by a proceeding for civil contempt, the proceeding and order in this cause is fundamentally defective in several particulars. First, the hearing was on the mother's petition to modify the prior support order by entry of an order for the reduction of arrearages of $10,700, the consideration of which had been held in abeyance by the May 3, 1984, order. This pleading and notice of hearing on it are legally insufficient to provide due process notice and opportunity to defend an order adjudicating contempt.[2] One who fails to obey a valid court order is always entitled to notice and hearing relating thereto, including an opportunity to present any defense thereto, before he is finally adjudicated in contempt. Just as fundamentally erroneous is the fact that a person cannot be held in civil contempt for failure to obey a court order unless there has been a previous court order and in this cause the father was first adjudicated in contempt and then ordered to pay the arrearage within thirty days.[3] Further, civil contempt orders must always contain a provision permitting the contemnor to purge himself of his contempt by compliance with the court order he has disobeyed.[4] The lower court is hereby prohibited from enforcing any portion of *886 the order of February 6, 1986, entered nunc pro tunc to January 17, 1986.[5]
PETITION GRANTED.
UPCHURCH and SHARP, JJ., concur.
NOTES
[1] Registration and enforcement of the foreign (Georgia) support order under section 88.331, et seq., Florida Statutes, or domestication of the foreign support order by reducing arrearages under it to a Florida money judgment. See generally Howze v. Howze, 225 A.2d 477 (D.C. App. 1967), appeal dismissed, 385 F.2d 986 (D.C. Cir.1967); Stevens v. Stevens, 68 N.C. App. 234, 314 S.E.2d 786 rev. denied, 312 N.C. 89, 312 S.E.2d 908 (1984); In Re Solomon, 546 S.W.2d 129 (Tex. App. 1977); State ex rel. McDonnell v. McCutcheon, 337 N.W.2d 645 (Minn. 1983).
[2] Cf. Bell v. Department of Health and Rehabilitative Services, 487 So.2d 1198 (Fla. 5th DCA 1986).
[3] See State ex rel. Gary v. Davis, 83 Fla. 422, 91 So. 267 (1922) (prohibition is available to restrain a contempt proceeding where petitioner is shown not to have violated any valid order of the trial court at the time it issued an order of contempt).
[4] Coody v. Muszynski, 402 So.2d 81 (Fla. 5th DCA 1981).
[5] This decision is without prejudice to further proceedings relating to the alleged arrearages.