540 So.2d 832 (1988)
ANDERSON INVESTMENTS COMPANY LTD., D/B/a Park City West and Bill Anderson, Petitioners,
v.
The Honorable Thomas M. LYNCH, Circuit Judge, 17TH Judicial Circuit of Florida, Respondent.
No. 88-2205.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
*833 Joel Miller of Miller, Squire & Rafferty, Chartered, Fort Lauderdale, for petitioners.
Jerome L. Hall, Fort Lauderdale, for respondent.
PER CURIAM.
This court sua sponte amended the style of the case to reflect Judge Lynch as the proper respondent and ordered petitioners to file a reply as to why the defendants, the Youngs, were also named as parties to the petition. No response was filed by Judge Lynch within the twenty days provided and petitioners moved for issuance of a writ. That prompted our order, directing the defendants in the underlying action, the Youngs, to file a response on the merits of the petition, which we have now received.
While the only proper respondent to the petition for writ of prohibition is the judge, we are considering the response on the merits filed by the actual parties to the underlying litigation, the Youngs. We grant the petition for writ of prohibition which seeks to restrain the trial judge from taking future actions which exceed his jurisdiction, and delete from the style hereof the defendants in the trial court. We do not issue the writ, in the belief that there will be voluntary compliance herewith.
Prohibition does lie as an appropriate remedy, in that petitioners seek to prevent a contempt proceeding where the trial court appears to have exceeded its jurisdiction in finding contempt in the first place. See Allman v. Johnson, 488 So.2d 884 (Fla. 5th DCA 1986); State ex rel. Gillham v. Phillips, 193 So.2d 26 (Fla. 2d DCA 1966).
Petitioners have shown that the circuit court in this case is without jurisdiction to proceed further on the contempt sanctions it entered, and that the order of contempt itself should be quashed. They point out that the witness, Bill Anderson, who was noticed for deposition, was never served with a witness subpoena; and they correctly note that a person who is not a party to a pending lawsuit must be served with a subpoena before being required to appear for deposition. Ward v. Gibson, 340 So.2d 481 (Fla.3d DCA 1976).
A partnership may be noticed for deposition by a designation of matters on which the examination is requested. According to Florida Rule of Civil Procedure 1.310(b)(6), the organization named then has the right to designate one or more of its officers or persons to testify on its behalf. This is not the only permissible course, and respondents/the Youngs did not proceed in that manner. Instead, they simply noticed for deposition Bill Anderson, who was not a party to the pending lawsuit. The petitioning partnership was.
Florida Rule of Civil Procedure 1.410(e) provides that a person who fails to obey a subpoena without an adequate excuse may be deemed to be in contempt of court. However, in this case no subpoena was ever issued or served on Bill Anderson. Furthermore, the only sanctions which appear to be available for failure to appear by Bill Anderson are set forth in rule 1.380 of *834 the Florida Rules of Civil Procedure. These rules provide for a motion for an order compelling discovery and for other alternatives. Subsection (b) of this rule provides that contempt of court may be found if a deponent fails to be sworn or to answer a question after being directed to do so by the court. There was no prior court order directing Bill Anderson to appear for deposition.
GLICKSTEIN and GUNTHER, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I do not believe the petitioners have made a sufficient showing or provided a sufficient record to demonstrate the lack of jurisdiction of the trial court to enter the order in question.