867 So.2d 1232 (2004)
SKFW MANAGEMENT CORP., etc., et al., Petitioners,
v.
DEPARTMENT OF REVENUE, Respondent.
No. 5D04-524.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
Eric J. Stockel, Esq. and Allen H. Libow, Esq, Libow & Muskat L.L.P., Boca Raton, for Petitioners.
No Appearance for Respondent.
PER CURIAM.
SKFW Management Corporation and Royal Palace Hotel Associates seek a writ *1233 of prohibition or certiorari in their challenge to the assessment of certain sales and use taxes. The trial court denied their motion for alternative security arrangements, and determined that petitioners were not entitled to a waiver of the bond posting requirement of section 72.011, Florida Statutes. Because we conclude that neither prohibition nor certiorari is an appropriate remedy, we deny the petition.
The facts, as set forth in the trial court's order, are as follows:
Plaintiffs filed suit against the Florida Department of Revenue ("Department") challenging the assessment of sales and use taxes. On April 5, 2000, Plaintiffs requested that the Department waive the bond posting requirements enumerated in section 72.011, Florida Statutes. Plaintiffs argued that according to their financial statements, they clearly had the financial resources to satisfy any possible judgment in favor of the Department. Plaintiffs' request was denied on April 18, 2003.
The Department advised Plaintiffs that in order to determine whether a taxpayer's financial resources are sufficient to warrant a waiver under section 72.011, it is necessary to ensure that the taxpayer will have the resources to pay the Department in full if it prevails in the litigation. The Department concluded that it was unable to make such a determination based on the information provided by Plaintiffs. Specifically, the Department noted that Plaintiffs' total tax assessment was in excess of $350,000.00, that they had only $174.00 in liquid assets for tax years 1996 through 1998, and that although Plaintiffs' net income was $996,300.00 in 1998, they failed to retain that income and made almost $1.1 million in distributions.
Plaintiffs now seek an alternative security arrangement pursuant to section 72.011(3)(b)(2), Florida Statutes. Under section 72.011, a taxpayer who challenges the legality of a tax assessment in circuit court must pay the amount of the uncontested tax and either: (1) deposit the contested amount of the assessment into the court's registry with the complaint; or (2) file with the complaint a cash or surety bond for the contested amount endorsed by a surety company, or by any other security arrangement approved by the court. § 72.011(3), Fla. Stat. (2004).
Plaintiffs state, "Based upon the financial condition of the Plaintiffs as well as the statutory right on the part of the [Department] to lien the property in question whose value exceeds [$500 million], there should be no question that the [Department] will have no problem collecting any upheld assessment in this action." (Pls.' Mot. ¶ 10.) Plaintiffs claim that they generate over $60 million per year in revenue and that their property is valued at over $500 million. They also claim that the Department's statutory lien on that property significantly exceeds the amount of the assessment. Thus, Plaintiffs argue "the Department has an extremely secure position concerning its ability to satisfy any final judgment upholding the assessment of tax, penalty, and interest" in the event it prevails in the litigation. (Pls.' Mot. ¶ 17.)
The Department, on the other hand, argues that Plaintiffs have failed to present any evidence to establish that they are financially stable enough to allow the Department to grant a bond waiver. The Department also argues that Plaintiffs have submitted nothing thus far that will assure that it will be made whole at the end of the litigation. It claims that Plaintiffs did not present *1234 any testimony from a corporate executive, accountant or financial officer to verify their financial resources and, in fact, did not present any evidence at the hearing. Furthermore, the Department argues that any statutory lien it has on Plaintiffs' property does not guarantee it will be made whole. It states that based on the lack of evidence in the record, it is unaware of who actually owns the property and of who may have a prior secured interest in the property.
Moreover, the Department argues that it has been willing to accept other forms of alternative security from Plaintiffs, such as an irrevocable letter of credit issued by a bank naming the Department as beneficiary, or a guarantee by a financially stable entity. Plaintiffs had the opportunity to provide such documentation prior to, and at, the hearing, but have continually failed to do so.
The court then found that plaintiffs "failed to provide sufficient evidence of financial viability to warrant a waiver under section 72.011." Petitioners now seek review of the circuit court's order.
Petitioners request that this court grant a writ of prohibition restraining the circuit court from requiring them to post a bond or make any other financial security arrangement in favor of respondent when, according to them, section 72.011 is "silent as to whether any security arrangement is required when a taxpayer files, and is denied, a refund of tax concurrently with its challenge to an assessment on the very same tax issue as the one assessed." In the alternative, petitioners seek from this court a writ of certiorari. In this regard, they argue that the circuit court departed from the essential requirements of law by denying their motion for an alternative security arrangement and effectively ruling that absent compliance with section 72.011, it is without subject matter jurisdiction to hear their challenge to the assessment.
There is simply no basis for prohibition and petitioners fail to point to one. Also, it is well-settled that the writ of prohibition is preventive rather than curative in nature, so that it cannot be utilized to revoke an order already entered. Sparkman v. McClure, 498 So.2d 892 (Fla.1986); State ex rel Sarasota County v. Boyer, 360 So.2d 388 (Fla.1978); English v. McCrary, 348 So.2d 293 (Fla.1977). In the instant case, the circuit court has already ruled on petitioners' motion, denying it.
Further, there is no basis for a writ of certiorari. Certiorari requires both a departure from the essential requirements of law and a showing of irreparable harm. See, e.g., Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). In the instant case, neither component of certiorari is present. There is no departure from the essential requirements of law because the ruling was pursuant to the terms of section 72.011(3), which provides in part as follows:
(3) In any action filed in circuit court contesting the legality of any tax, interest, or penalty assessed under a section or chapter specified in subsection (1), the plaintiff must:
(a) Pay to the applicable department or county the amount of the tax, penalty, and accrued interest assessed by the department or county which is not being contested by the taxpayer; and either
(b) 1. Tender into the registry of the court with the complaint the amount of the contested assessment complained of, including penalties and accrued interest, unless this requirement is waived in writing by the executive director of the applicable department or by the county official designated by ordinance; or
*1235 2. File with the complaint a cash bond or a surety bond for the amount of the contested assessment endorsed by a surety company authorized to do business in this state, or by any other security arrangement as may be approved by the court, and conditioned upon payment in full of the judgment, including the taxes, costs, penalties, and interest, unless this requirement is waived in writing by the executive director of the applicable department or by the county official designated by ordinance.
Section 72.011(3) clearly applies in the instant case, as it covers "any" action challenging a tax. The statute is constitutional. See Don's Sod Co., Inc. v. Dept. of Revenue, 661 So.2d 896 (Fla. 5th DCA 1995); Dept. of Revenue v. Nu-Life Health and Fitness Center, 623 So.2d 747 (Fla. 1st DCA 1992). It is clear that under the terms of the statute, particularly in light of the clause "as may be approved by the court," the circuit court has the discretion to approve or reject an alternative security arrangement. As indicated, the circuit court decided to reject the alternative security arrangement proposed by petitioners. In light of the facts set forth in the order, we think that the court acted fully within its discretion in denying their motion.
To the extent petitioners challenge the circuit court's determination that they failed to present sufficient evidence of financial viability to warrant a waiver, it is well-settled that an appellate court is not entitled to reweigh the evidence. See, e.g., Hicks v. State, 852 So.2d 954 (Fla. 5th DCA 2003). Further, contrary to petitioners' position, nothing on the face of the circuit court's order purports to rule that it lacks subject-matter jurisdiction to hear petitioners' underlying claim; rather, as indicated, the order merely denies their motion for alternative security arrangements. Finally, there is no irreparable harm to petitioners for purposes of certiorari because any error that the circuit court might have committed in denying their motion can be remedied on direct appeal.
Accordingly, we deny the petition.
DENIED.
SHARP, W., PETERSON and PLEUS, JJ., concur.