894 So.2d 308 (2005)
Mark DANIEL, Petitioner,
v.
Angela GARRISON and John Garrison and Gianna Sheinheit and Prudential Securities, Inc., Respondents.
No. 3D05-349.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Thomas C. Horner, for petitioner.
Kenneth R. Duboff, Miami, for respondents.
Before GREEN, CORTINAS, and ROTHENBERG, JJ.
PER CURIAM.
By way of a petition for writ of prohibition, the petitioner seeks his release from jail pursuant to a civil contempt order. The court entered the order after petitioner refused to answer questions posed to him in court in a garnishment proceeding to execute on a judgment.[1] We treat the petition as a petition for writ of habeas corpus and grant same.[2] Whereas here the petitioner was not a party to the proceedings below, had not been subpoenaed to testify, but voluntarily appeared at the hearing, and was not violating any previous court order, there was no basis for the court's civil contempt finding. See Anderson Inv. Co. v. Lynch, 540 So.2d 832 (Fla. 4th DCA 1988); Allman v. Johnson, 488 So.2d 884 (Fla. 5th DCA 1986). "[W]ithout prior notice and without the benefit of subpoena [petitioner] was called to the stand and immediately required to answer [questions], under pain of contempt[.]" Times Publ'g Co. v. Burke, 375 So.2d 297, 299 (Fla. 2d DCA 1979). Petitioner was not even represented by counsel at the time. Times Publ'g Co. This procedure was lacking in due process. Id.
Habeas corpus granted.
NOTES
[1] We deny that portion of the petition that seeks to quash the order denying petitioner's motion to recuse the trial judge.
[2] The petitioner has been released pursuant to this Court's previous order.