ROTHENBERG, J.
(dissenting).
This ease came before this Court via a petition for writ of prohibition or mandamus filed by: (1) Robin Taylor Symons, the former wife and mother of the parties’ minor child (“the mother”), and (2) Sherry and Robert Taylor, the maternal grandparents of the minor child (“the grandparents”). The respondent, Ralph W. Sym-ons, is the former husband and the father of the parties’ minor child (“the father”). The underlying action from which this petition was spawn is the dissolution of the father and the mother’s (collectively, “the parties”) marriage.
On September 22, 2008, this Court denied the petition without prejudice. Thereafter, the petitioners filed a motion for clarification, which has now been denied by my esteemed colleagues. For the reasons that follow, I would withdraw the previous order of this Court denying the petition; grant the petition; and quash the order under review.
On May 22, 2007, the trial court entered an order accepting the parties’ stipulation regarding the custody of their minor child in which the parties agreed to joint custo *547 dy with equal time sharing. On September 27, 2007, the trial court entered its amended final judgment for dissolution of marriage, incorporating the parties’ custody stipulation.
On May 8, 2008, the father filed a “motion to enforce” the “Shared Parental Responsibility; Joint Residential Responsibility” provisions of the parties’ custody stipulation. In conjunction with the motion to enforce, the father subpoenaed the grandparents for deposition. The mother objected to these depositions. After an adverse ruling by the trial court, the mother filed a motion for rehearing, arguing that the father’s motion to enforce was in reality a request to modify the amended final judgment, and therefore, the father was required to file a petition seeking modification in compliance with Florida Family Law Rule of Procedure 12.110, and Florida Rule of Civil Procedure 1.110, and to demonstrate a substantial change in circumstances warranting modification. The motion for rehearing was denied.
The mother filed the instant petition with this Court seeking a writ of prohibition arguing that: (1) the father’s motion to enforce was requesting a modification of the amended final judgment, and that pursuant to rule 12.110, “proceedings to modify a final judgment in a family law matter shall be initiated pursuant to rule 1.110(h) and not by motion”; (2) the trial court lacks jurisdiction to modify the amended final judgment as the father’s request to modify was not initiated pursuant to rule 1.110(h); and (3) thus, the trial court acted outside of its jurisdiction in entertaining the father’s motion and by requiring the grandparents to comply with the subpoenas for deposition in furtherance of the father’s motion. The mother’s objections are well-taken.
While the mother’s arguments are persuasive, a writ of prohibition is not the appropriate mechanism to address the order under review. Prohibition is a remedy to prevent judges (and officers of lower tribunals or administrative agencies acting in a quasi-judicial capacity) from acting outside of their jurisdiction or exceeding their power over the matter. Because a writ of prohibition is preventive, it is generally directed to prevent future action rather than to correct or prevent the enforcement of orders already entered. See Sparkman v. McClure, 498 So.2d 892 (Fla.1986); SKFW Mgmt. Corp. v. Dep’t of Revenue, 867 So.2d 1232 (Fla. 5th DCA 2004). A writ of prohibition should not be issued unless the reviewing court determines that: (1) the lower tribunal is acting without jurisdiction or in excess of its jurisdiction; (2) the writ seeks to prevent action, not correct it; (3) the action the writ seeks to prevent will cause injury to the petitioner; and (4) the petitioner has no other adequate legal remedy. English v. McCrary, 348 So.2d 293 (Fla.1977).
Because the petitioner in the instant case seeks a writ to prohibit the enforcement of an order already issued by the trial court, certiorari is the proper remedy, not prohibition. Where a party improperly files a petition for writ of prohibition, an appellate court may treat the petition as a petition for writ of certiorari as long as the petition was filed within thirty days of rendition of the order under review. See Daniel v. Garrison, 894 So.2d 308 (Fla. 3d DCA 2005); N. Shore Med. Ctr. v. Capua, 634 So.2d 1141 (Fla. 3d DCA 1994); Maliska v. Broome, 609 So.2d 711 (Fla. 4th DCA 1992). Because the order under review was entered on August 21, 2008, and the petition was filed on August 28, 2008, I would exercise this Court’s discretion and treat the mother’s petition for a writ of prohibition as a timely filed petition for a writ of certiorari.
*548 Certiorari may be granted where the order under review is a departure from the essential requirements of law that will cause material harm which cannot be remedied on appeal. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996). The petitioners have satisfied the first requirement as the order under review is a departure from the essential requirements of the law. Because the father was, in effect, seeking a modification of the amended final judgment, the trial court lacked subject matter jurisdiction to entertain the father’s “motion” and to permit him to depose the grandparents in furtherance of his motion. See Pomeranz v. Pomeranz, 961 So.2d 1068, 1070 (Fla. 4th DCA 2007) (holding that although the former wife filed a motion to compel, in effect, the motion sought modification of the final judgment, thus the trial court lacked subject matter jurisdiction absent a petition for modification); Braswell v. Braswell, 935 So.2d 604, 606 (Fla. 3d DCA 2006) (holding that Florida law unequivocally requires that post-dissolution modifications of custody must be requested in the form of a petition asserting a change in circumstances). Hagins v. McNeal, 647 So.2d 1052, 1053 (Fla. 5th DCA 1994) (holding that where petitioner was seeking a change in the status quo, she was not seeking enforcement, but rather a modification of the final judgment, which required the trial court to consider a change in circumstances by way of a petition for modification).
To permit the father to depose the grandparent in light of the circumstances in this case constitutes irreparable harm which cannot be remedied on direct appeal. Because the order under review departs from the essential requirements of law and constitutes irreparable harm which cannot be remedied on direct appeal, I would grant certiorari, and therefore, respectfully dissent from the contrary ruling by the majority.