795 So.2d 112 (2001)
Rodrigue BIROTTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2065.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
Rehearing Denied October 18, 2001.
Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Birotte's conviction and sentence for armed trafficking in cocaine. He asserts error in the denial of his posttrial motion to disqualify the trial judge for exhibiting personal bias or prejudice towards counsel.
After the jury returned its verdict, Birotte's trial attorney[1] told the judge that while he was using the phone, he overheard the jurors deliberating, and one of them said he had been arrested and had gone to prison. In response, the judge reprimanded defense counsel for being somewhere he should not have been, found that the allegation did not amount to juror misconduct, and dismissed the jury.
At a specially set hearing the next morning, defense counsel stated that upon hearing the juror's comment, approximately forty minutes before the jury returned its verdict, he informed Birotte that he could bring this to the judge's attention immediately or wait for an adverse verdict and divulge it at that time. Defense counsel recommended that Birotte wait for an adverse verdict before bringing the alleged misconduct to the court's attention.
*113 The judge noted that while the jurors were deliberating, he noticed defense counsel sitting in the jury box for quite some time. He then stated:
I cannot help but think that you were over there, you were positioning yourself over there so you could in fact eavesdrop on what the jury was doing, sir.
I mean, looking back, at this ... you spent a lot of time over there, sir.
Defense counsel admitted that he was seated in the jury box in the first seat closest to the jury door when he overheard the statement but denied that he was eavesdropping. The judge responded:
You say that. I can't sit here and look you in the eye and say that I believe that, sir. I cannot.
The court stated that defense counsel should have immediately brought the matter to the court's attention, adding:
I suspect very strongly that there is misconduct in defense counsel's actions of learning about this 50 minutes prior to the verdict and not telling the Court this.
* * *
I think I have a duty to have this typed up and referred to the bar, see what they think about it sir. You have put me in that position. What you have done could very well be unethical. It wasn't right.
* * *
My obligation is to refer it to [the bar] to see if there is anything that has been done wrong in light ofand I kind of suspect that there is....
* * *
And if the bar doesn't think there is anything wrong with that, so be it. But obviously the Fourth District Court of Appeals [sic] is going to be looking at this and you know surely they are going to say at least the judge should have referred it to the bar to see if what you did was wrong. I am not doing my job if I don't do it.
We find no error or abuse of discretion in the denial of the motion for disqualification. A judge's exercise of judicial responsibility to take corrective action, including the reporting of perceived attorney misconduct to the Florida Bar, is not a ground to support judicial disqualification. See 5-H Corp. v. Padovano, 708 So.2d 244, 248 (Fla.1997). Further, a judge's expression of dissatisfaction with counsel's unprofessional behavior does not give rise to a reasonable fear of bias or prejudice. Ellis v. Henning, 678 So.2d 825, 826 (Fla. 4th DCA 1996).
We also find no error or abuse of discretion in the other issues raised on appeal.
POLEN, C.J. and GROSS, J., concur.
NOTES
[1] Trial counsel is not the same attorney who now represents Appellant in this appeal.