840 So.2d 410 (2003)
NOVARTIS PHARMACEUTICALS CORP., f/k/a Sandoz Pharmaceutical Corp., Petitioner,
v.
Connie CARNOTO, Rene Carnoto, and Celina Poy-Wing, M.D., Respondents.
No. 4D02-4436.
District Court of Appeal of Florida, Fourth District.
March 19, 2003.
Benjamine Reid and Wendy Frank Lumish of Carlton Fields, Miami, R. Layton Mank of Wilsom, Elser, Moskowitz, Edelman & Dicker, Miami, and Joe G. Hollingsworth, Katharine R. Latimer, Martin C. Calhoun, Cynthia L. Kendrick of Spriggs & Hollingsworth, Washington, D.C., for petitioner.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., and Wilton L. Strickland of Wilton L. Strickland, P.A., Fort Lauderdale, for respondents.
FARMER, J.
We have a petition for a writ of prohibition to disqualify a trial judge based on comments he gave to the press about a pending case. The trial judge dismissed the motion to disqualify as untimely. Upon a review of the pertinent documents, we conclude that the petition was in fact timely filed.
Because the judge found the motion untimely, he did not pass on its legal sufficiency. *411 We therefore return the case to the trial court for such a determination. We are confident that if this experienced trial judge finds the motion legally sufficient, he will disqualify himself without further intervention of this court.
GUNTHER, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, J., dissenting.
Petitioner Novartis is the defendant in a products liability suit in which it is alleged that petitioner's drug injured the plaintiff. Petitioner seeks a writ of prohibition directed to the denial of its motion to disqualify the trial judge. I would grant the petition.
The motion to disqualify alleged that an article published in the Miami Daily Business Review, entitled "Backfire," contained statements made by the trial judge to a reporter about documents produced by petitioner for in camera inspection. Petitioner claims the documents are privileged or otherwise confidential.
The quotes attributed to the judge included statements that: (1) petitioner Novartis was trying to "bury the plaintiffs in documents;" (2) "Novartis has only itself to blame" for developments in the litigation; (3) "the defense's strategy backfired;" and (4) "[t]he entire database [the Special Master is creating at NPC's expense] will provide a national plaintiffs' blueprint for filing suit against Novartis over Parlodel [the drug in this case]."
Petitioner alleges that these statements have created reasonable fears on the part of petitioner that the judge will not be fair and impartial and that petitioner will not receive a fair trial. The court denied the motion to disqualify solely on the ground that it was untimely; however, it was timely.
In United States v. Microsoft Corp., 253 F.3d 34, 115-16 (D.C.Cir.2001), the appellate court strongly condemned the trial judge's statements to the press, outside the presence of the parties, about a pending case:
It is an altogether different matter when the statements are made outside the courtroom, in private meetings unknown to the parties, in anticipation that ultimately the Judge's remarks would be reported. Rather than manifesting neutrality and impartiality, the reports of the interviews with the District Judge convey the impression of a judge posturing for posterity, trying to please the reporters with colorful analogies and observations bound to wind up in the stories they write. Members of the public may reasonably question whether the District Judge's desire for press coverage influenced his judgments, indeed whether a publicity-seeking judge might consciously or subconsciously seek the publicity-maximizing outcome. We believe, therefore, that the District Judge's interviews with reporters created an appearance that he was not acting impartially, as the Code of Conduct and § 455(a) require.
The Code of Conduct violations referred to by the Microsoft court were Canons 3A(6) and 3A(4), Code of Conduct for United States Judges, which prohibit public comments and ex parte communications on the merits of pending cases. The Florida Code of Judicial Conduct contains those same prohibitions in Canon 3B(9) and 3B(7).
I agree with the petitioner that the quoted statements would create a reasonable fear that the judge will not be fair and impartial. The motion to disqualify should accordingly have been granted. Fischer v. Knuck, 497 So.2d 240 (Fla.1986).