855 So.2d 87 (2003)
CITY OF HOLLYWOOD, Florida, Petitioner,
v.
DIAMOND ON THE BEACH, INC., Diamond Parking, Inc., Katarina Dijak, Steve Dijak, Richard H. Witt and Lizabeth Kayne, Respondents.
Nos. 4D03-793, 4D03-794, 4D03-795, 4D03-796.
District Court of Appeal of Florida, Fourth District.
June 4, 2003.
Daniel L. Abbott, Fort Lauderdale and Michael S. Popok of Weiss Serota Helfman Pastoriza & Guedes, P.A., Fort Lauderdale, for petitioner.
Martin B. Woods of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for respondents Diamond on the Beach, Inc., and Diamond Parking, Inc.
Pamela S. Terranova of Law Offices of Pamela S. Terranova, Fort Lauderdale, for respondent Richard H. Witt.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, West Palm Beach, for respondent Honorable Robert Lance Andrews.
PER CURIAM.
The City of Hollywood has filed four petitions for writ of prohibition in connection with four separate cases in which it filed motions seeking the disqualification of the trial judge, who denied them all as "procedurally insufficient," concluding that the city was impermissibly seeking "blanket disqualification." The judge's order cited Ginsberg v. Holt, 86 So.2d 650, 651 (Fla.1956); Livingston v. State, 441 So.2d 1083, 1085 (Fla.1983); and Cascone v. Foster, 774 So.2d 773, 774 (Fla. 1st DCA 2000). However, the city did as those opinions instruct, seeking disqualification by filing a separate motion in each case in question.
We therefore grant the petition, but only to the extent of returning the four cases to the trial court to consider each motion separately as it relates to the case in which it was filed, and to determine whether that motion is "legally sufficient" within the meaning of rule 2.160(f), Florida Rules of Judicial Administration. It would be inappropriate for this court to make that determination in the first instance. See Roberts v. State, 840 So.2d 962 (Fla.2002); Kelly v. Scussel, 167 So.2d 870 (Fla.1964); Novartis Pharmaceuticals Corp. v. Carnato, 840 So.2d 410 (Fla. 4th DCA 2003).
POLEN, C.J., GROSS and MAY, JJ., concur.