857 So.2d 989 (2003)
Benjamin P. THOMAS and Alison Thomas, Petitioners,
v.
THE CHASE MANHATTAN BANK, as Trustee, Respondent.
No. 4D03-3407.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
*990 James A. Bonfiglio of Law Offices of James A. Bonfiglio, P.A., Boynton Beach, for appellants.
No response required for respondent.
GROSS, J.
By their petition for writ of prohibition, Benjamin and Alison Thomas seek review of an order denying their motion to disqualify the trial judge. We deny the petition because the underlying motion for disqualification was untimely.
The purported grounds for disqualification are certain paragraphs contained in the summary final judgment of foreclosure. These paragraphs describe the Thomases' failure to timely respond to the plaintiff's request for admissions. The paragraph of the order most critical of the Thomases' attorney provides:
Defendant's failure to respond to the Requests for Admissions, Request for Production and Interrogatories for over 6 months is unacceptable. [The Thomases' lawyer's] explanation that he had temporary help and failed to properly calendar the responses to the requests does not constitute excusable neglect. Furthermore, said explanation was not supported by affidavit or any evidence so the Court was unable to determine [if] said excuses were even true. It is the responsibility of the advocate to adhere with the rules of court, especially for an attorney who has been awarded attorneys fees in excess of $400.00 per hour....
The trial court denied the motion for disqualification as legally insufficient as a matter of law.
We deny the petition because it was untimely. Florida Rule of Judicial Administration 2.160(e) provides that a motion for disqualification must be filed within a reasonable time not to exceed ten days after the discovery of the facts that would require disqualification. Failure to file a motion for disqualification within the ten-day period requires that a subsequent petition for writ of prohibition be denied.
*991 See T/F Sys. Inc. v. Malt, 814 So.2d 511, 513 (Fla. 4th DCA 2002); Foley v. Fleet, 644 So.2d 551, 552 (Fla. 4th DCA 1994). Mere service of the motion within the ten-day period does not comply with the rule. See HIP Health Plan of Fla., Inc. v. Griffin, 757 So.2d 1272, 1273 (Fla. 4th DCA 2000).
We note that on the merits, the trial judge correctly determined that the motion was legally insufficient. See Barwick v. State, 660 So.2d 685, 692 (Fla.1995) (holding that "[t]he fact that a trial judge makes an adverse ruling is not a sufficient basis for establishing prejudice"); Jackson v. State, 599 So.2d 103, 107 (Fla.1992) (holding that "[t]he fact that a judge has previously made adverse rulings is not an adequate ground for recusal").
Even more extreme expressions of judicial criticism of counsel than are evident in this case do not justify disqualification. As we wrote in Birotte v. State, 795 So.2d 112, 113 (Fla. 4th DCA 2001), a case involving judicial criticism of an attorney more severe than any statement in this case:
A judge's exercise of judicial responsibility to take corrective action, including the reporting of perceived attorney misconduct to the Florida Bar, is not a ground to support judicial disqualification. Further, a judge's expression of dissatisfaction with counsel's unprofessional behavior does not give rise to a reasonable fear of bias or prejudice.
(Citations omitted).
The petition for writ of prohibition is denied.
TAYLOR and HAZOURI, JJ., concur.