889 So.2d 120 (2004)
Donald Alan TOBKIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D04-2731.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
Rehearing Denied January 5, 2005.
*121 Donald Alan Tobkin, Hollywood, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for respondent.
GROSS, J.
This case is a petition for writ of prohibition seeking to prevent Judge Robert W. Lee from continuing to preside over an indirect criminal contempt proceeding which arose out of a domestic violence case. We deny the petition.
We write primarily to address one issue  whether the petition should be granted because the motion for recusal was not ruled upon within the thirty-day time limit required by Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003).
On April 30, 2004, petitioner moved for recusal and disqualification of Judge Lee. Judge Lee denied the motion on June 15, 2004. In the order, the trial judge explained that he did not become aware of the motion until June 9, when he received another filing from petitioner. Judge Lee first read the motion on June 10, when the "Clerk of the Court realized that its office had simply filed the Motion in the Court file rather than forwarding it to the assigned Judge." The certificate of service on petitioner's motion reflects that it was sent to Judge Lee at the Broward County Courthouse. However, Judge Lee had not been at that location since August 2003, when he was transferred to a division at a satellite courthouse in Hollywood. Judge Lee first received an actual copy of the motion on June 14, when the file was received at the satellite courthouse from the main courthouse. The judge ruled the next day.
Tableau requires that "a motion for judicial disqualification filed pursuant to Florida Rule of Judicial Administration 2.160 must be ruled on within thirty days following its presentation to the court." Id. at 302-03. The court "believe[d] that thirty days gives the trial court sufficient time to determine the sufficiency of a motion." Id. at 303. The method of "presentation to the court" contemplated by Florida Rule of Judicial Administration 2.160(c) is to file the motion with the clerk coupled with "immediately [sending] a copy of the motion to the subject judge."
Both Tableau and the rule presuppose that the judge who is the subject of the disqualification motion will be aware of the motion, so that there can be an "immediate ruling." In Tableau, the judge was aware of the motion for recusal and yet did not rule until more than thirty days had passed. Here, through no fault on his part, the judge did not know that the motion existed until June 9. In part, the fault lies with petitioner, who mailed a copy of the motion to the judge at a stale address. Under these circumstances, there has been no Tableau violation, such *122 that the automatic recusal provision does not apply.
We note that the recently adopted amendments to Rule 2.160, effective on January 1, 2005, tie the timeliness of a ruling to service of the motion. See Amendments to Fla. R. of Jud. Admin. 2.160, FL Order 04-17 (Fla. Oct. 7, 2004). Amended Rule 2.160(c) will require that, in addition to filing the recusal motion with the clerk, the movant shall "immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080." Florida Rule of Civil Procedure 1.080(b) allows service by mail to "a last known address." Judges' offices are a matter of public record. Our holding in this case requires service in a manner designed to notify the judge of the existence of the motion. Under the new rule, we believe a mailing should be to the judge's chambers as of the date of motion. Amended Rule 2.160(j) requires the judge to rule on the motion "no later than 30 days after the service of the motion as set forth in subdivision (c)." According to Florida Rule of Civil Procedure 1.080(b), "[s]ervice by mail shall be complete upon mailing."
On the merits, we agree with the trial judge that the petitioner's motion was legally insufficient to require recusal.
FARMER, C.J., and STEVENSON, J., concur.