934 So.2d 563 (2006)
Jasper Jay HARRISON, Petitioner,
v.
Patricia JOHNSON, Respondent.
No. 1D06-2358.
District Court of Appeal of Florida, First District.
June 27, 2006.
Rehearing Denied August 3, 2006.
Jasper Jay Harrison, pro se, Petitioner.
No appearance for Respondent.
PER CURIAM.
By petition for writ of certiorari, Jasper Jay Harrison complains that the circuit court has failed to take timely action on his motion to disqualify the trial judge and his motion to reassign his case to another judge. To the extent he seeks an order of this court disqualifying the trial judge, his proper remedy is through writ of prohibition, and to the extent he seeks to compel a ruling by the circuit court on his motion to reassign, mandamus is the more apt procedural vehicle. We therefore treat the petition as seeking such relief. See Fla. R.App. P. 9.040(c).
We conclude, however, that neither prohibition nor mandamus relief is warranted at this point. In addressing motions for disqualification, Florida Rule of Judicial Administration 2.160(c) provides that in addition to filing the motion with the clerk, the movant is required to serve a copy thereof on the subject judge. Harrison's motion for disqualification fails to show proper service on the trial judge, as required by the rule. As a consequence, rule 2.160(j), which mandates that the trial judge rule on the motion for disqualification *564 within 30 days after service of the motion in compliance with subdivision (c), failing which the motion is deemed granted, is not implicated in this case. Accordingly, because petitioner has not yet properly served his motion for disqualification of the trial judge, prohibition will not lie.
Similarly, because petitioner has not brought his motion to reassign before the trial court in order to obtain a ruling thereon, we decline to grant mandamus relief in the form of an order compelling the trial court to make such a ruling. See Moore v. Correctional Medical Services, 817 So.2d 963 (Fla. 1st DCA 2002) (in an ordinary civil case, mandamus will generally not lie absent a showing that the trial court has failed to take action on some pending matter that has been noticed for hearing).
Accordingly, we deny the petition for writ of prohibition or mandamus. This disposition is without prejudice to Harrison's right to cure his error in failing to properly serve his motion for disqualification on the trial judge and to thereafter obtain a ruling on that motion or, if no ruling is timely made, to invoke the remedy set forth in rule 2.160(j).
BENTON, POLSTON, and THOMAS, JJ., concur.