942 So.2d 462 (2006)
SANTA CATALINA TOWNHOMES, INC., Petitioner,
v.
Shahbaz MIRZA, Respondent.
No. 4D06-1022.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Peter M. Hodkin of the Law Offices of Peter M. Hodkin, P.A., Fort Lauderdale, for petitioner.
Assad S. Mirza of Mirza & Mirza, LLP, Pembroke Pines, for respondent.
EN BANC
WARNER, J.
Santa Catalina Townhomes, Inc. petitions for writ of prohibition to review an order denying its motion to recuse the trial court judge. Because the judge failed to *463 rule within thirty days of service of the motion, the motion was deemed granted, even though the judge later denied it. We therefore grant the petition. We write to address the issue of our jurisdiction.
The facts giving rise to the recusal motion occurred immediately after a hearing on November 30, 2005. Thus, the ten-day period for filing the motion expired on Monday, December 12 (the tenth day being a Saturday). The motion was served on December 8. Also served was a letter to the judge's judicial assistant attaching a copy of the motion. The clerk's docket shows that on December 8, 2005 the petitioner filed the certificate of the attorney pursuant to Florida Rule of Judicial Administration 2.160(c). However, inexplicably the docket also shows the motion and supporting affidavit as being filed with the clerk on Tuesday, December 13, 2005, even though they are all noted as being served on the same day.[1] The respondent filed a response to the motion to recuse but did not allege that the motion was untimely. The court denied the motion as legally insufficient.
Florida Rule of Judicial Administration 2.160(e), (2005),[2] provides that "[a] motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion. . . ." In Thomas v. Chase Manhattan Bank, 857 So.2d 989 (Fla. 4th DCA 2003), we held that merely serving a motion to recuse within ten days of discovery of facts justifying the motion does not comply with the requirement of filing the motion. We therefore denied a petition for writ of prohibition where the motion was untimely in the trial court. We stated in Thomas that the failure to file the motion within the ten-day period requires a subsequent petition for writ of prohibition to be denied.
However, when faced with this issue, the supreme court has held that where the trial court rules on the motion on the merits and not on timeliness, the issue of timeliness is not before the court. In Roberts v. State, 840 So.2d 962 (Fla.2002), the court addressed this issue as follows:
The State contends that Roberts' motion to disqualify, which was filed on October 16, 1996, and amended on November 12, 1996, was not timely. Florida Rule of Judicial Administration 2.160(e) provides that a motion to disqualify must be made "within a reasonable time not to exceed 10 days after discovery of the facts constituting grounds for the motion and shall be promptly presented to the court for an immediate ruling." The State raised the issue of timeliness of the motion below, but Judge Solomon did not deny the motion on this basis. Instead, the judge ruled that "the Defendant's motion to disqualify judge is insufficient, and the motion is denied." Thus, the timeliness of the motion is not properly before us.
Id. at 969. Although this may be considered dicta because the court then determined that the motion was timely, the court's opinion nevertheless states that where the judge ruled on grounds of legal insufficiency rather than untimeliness, the question of timeliness is not "properly" before the reviewing court. Thus, the court did not treat this as a "jurisdictional" time period but one that could be waived or not preserved.
*464 Because of Roberts, we conclude that we should recede from Thomas to the extent that it holds that the failure to file a motion to recuse within ten days after discovery of the facts requires the appellate court to sua sponte deny a subsequent petition for prohibition. Unlike the time period for filing an appeal, the ten-day period for filing a motion to disqualify is not jurisdictional. Thus, if the trial court does not rule that the motion is untimely based upon the date of its filing, the issue of timeliness is not properly before the court. That makes sense, because so often the question of timeliness depends upon facts which may be in dispute, such as the date on which the party discovered the facts giving rise to the grounds for disqualification. Factual determinations are made by the trial court, not the appellate court.
Concluding that the timeliness of the motion is not properly before us, we grant the petition because the trial court did not rule on the motion within thirty days as required by rule 2.160(j), Florida Rules of Judicial Administration (2005):
The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, then motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
Petition granted. This case is remanded for reassignment.
STEVENSON, C.J., GUNTHER, STONE, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, concur.
NOTES
[1] Were we not determining that the timeliness issue is not properly before us, we would have remanded for a hearing to determine timeliness in light of this discrepancy in docketing dates.
[2] In 2006, the Rules of Judicial Administration were renumbered, and now the rule governing the disqualification of trial judges is set forth in rule 2.330. See In re Amendments to the Florida Rules of Judicial Administration, 939 So.2d 966 (Fla.2006).