946 So.2d 119 (2007)
John E. FIELDS, Appellant,
v.
Patricia KLEIN, Appellee.
No. 4D06-410.
District Court of Appeal of Florida, Fourth District.
January 10, 2007.
*120 Philip D. Parrish of Philip D. Parrish, P.A., Miami, and Stanley B. Prager, P.A., Coral Gables, for appellant.
Michael Metzner, Pompano Beach, for appellee.
MAASS, ELIZABETH T., Associate Judge.
John E. Fields appeals a final judgment awarding his prior counsel a contingency fee. We reverse, finding that Fields discharged his lawyer before the contingency was realized.
Fields was injured in a motor vehicle accident. He hired Patricia Klein to represent him under a written contingency fee contract. The contract obligated Fields to pay a one-third contingency fee of the first million dollars recovered if the action settled prior to the defendant's filing an answer or demand for arbitration. Further, consistent with case law, the contract permitted Fields to terminate Klein's services without cause, but obligated him to pay her the reasonable value of her services if terminated prior to the realization of the contingency. See Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982). Finally, the agreement granted Klein a lien against settlement proceeds if she was discharged.
Based on a misunderstanding of the policy limits, Klein submitted a $10,000 demand to the third party's insurance carrier on December 7, 2002. She submitted a $100,000 demand on May 13, 2003. Fields discharged Klein on May 20, 2003. At that time, the adjuster had orally offered $50,000 to settle. Fields hired successor counsel, who ultimately settled the claim for $110,000 in December, 2003. Klein refused to endorse the settlement check, which included her as a payee, even after Fields's successor counsel offered to hold whatever portion of the settlement Klein claimed was owed to her in his trust account, pending settlement of her claim. Consequently, Fields sued Klein for a declaratory *121 judgment, adjudication of her charging lien, and a mandatory injunction to compel her to endorse the insurance company's check.
On October 27 and November 5, 2004, the trial court held an evidentiary hearing to determine whether the contingency had been realized. On June 9, 2005, prior to entry of any order following the hearing, Fields filed a motion to amend the complaint, seeking leave to amend his pleadings to claim that his contract with Klein was void based on material misrepresentations and fraud in the inducement or, alternatively, that Klein was discharged for cause, reducing her quantum meruit recovery. See Franklin & Marbin, P.A. v. Mascola, 711 So.2d 46 (Fla. 4th DCA 1998). Fields claimed that when he hired Klein she told him she had substantial experience in accident cases and that her partner, Geraldine Braun, would be Fields's primary contact. Fields alleged that he later discovered that Klein did not practice personal injury litigation; that she would not have represented him had the case gone to trial; that Klein and Braun did not work together and that, instead, each was employed full time by other employers; and that Braun was not an attorney but a paralegal. The trial court denied the motion for leave to amend.
No order was entered based on the October and November 2004 evidentiary hearing until December 13, 2005, when the trial court signed what appears to be a counsel-prepared order determining Klein was entitled to her full contingency fee, without any findings of fact other than the general statement that the contingency had been realized. A final judgment consistent with the order awarding Klein a one-third fee was entered January 19, 2006. Another final judgment, also consistent with the December, 2005 order but in slightly different form, was entered January 25, 2006. The trial court granted Fields's motion to vacate the second judgment on February 13, 2006.
It is clear that the contingency was not realized prior to Klein's discharge. See Cooper v. Ford & Sinclair, P.A., 888 So.2d 683 (Fla. 4th DCA 2004) (concluding that contingency fee was earned when settlement was reached). The case was not settled before Fields terminated Klein's services. Consequently, under both case law and the parties' contract, Klein is entitled to recover, if at all, only the reasonable value of her services. Klein's reliance on Milton Kelner, P.A. v. 610 Lincoln Road, 328 So.2d 193 (Fla.1976), is misplaced. There, the attorney was discharged after his client settled with the insurer.
Further, we find that the trial court abused its discretion in denying Fields leave to amend his complaint to seek to void his fee contract with Klein or otherwise reduce the amount owed based on the alleged fraudulent inducement and mishandling of his case. Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. See Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967 (Fla. 4th DCA 1996). None of those factors is present here.
We find that Fields's motion for recusal was based on adverse legal rulings and expressions of dissatisfaction with counsel's behavior and, therefore, was legally insufficient and properly denied. See Mansfield v. State, 911 So.2d 1160 (Fla. 2005); Thomas v. The Chase Manhattan Bank, 857 So.2d 989 (Fla. 4th DCA 2003), receded from on other grounds, Santa Catalina Townhomes, Inc. v. Mirza, 942 So.2d 462 (Fla. 4th DCA 2006); Ellis v. Henning, 678 So.2d 825 (Fla. 4th DCA 1996).
*122 The action is remanded to the trial court with direction to vacate the order finding the contingency had been realized and the final judgment predicated on that order and to grant the motion for leave to amend.
Reversed and Remanded.
GROSS and HAZOURI, JJ., concur.