968 So.2d 61 (2007)
Lester JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-2975.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
Rehearing Denied December 6, 2007.
*62 Lester Johnson, Okeechobee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Lester Johnson filed a petition for writ of prohibition, seeking to disqualify Circuit Court Judge Robert Makemson from continuing to preside over five lower tribunal cases: three criminal cases in which he is the defendantL.T. case nos. 06-127, 06-462, and 06-488-and two civil cases in which he petitioned for writs of mandamusL.T. case nos. 06-287 and 06-227. We find the petition is moot with respect to the two civil cases, and grant the petition as to the three criminal cases.[1]
On June 8, 2007, Johnson served on Judge Makemson a motion for disqualification of judge, referencing all five L.T. case numbers. The motion concerned Judge Makemson's actions in a hearing held on May 29, 2007. As there was no ruling on the motion for disqualification within the thirty-day period provided by Florida Rule of Judicial Administration 2.330(j), on July 11, 2007, Johnson served his motion for an order directing the clerk to reassign the cases.
Instead, in two of the lower tribunal criminal cases, Judge Makemson issued orders dated July 12, 2007, scheduling hearings for August 24. Johnson filed the instant pro se petition for writ of prohibition with this court on July 27, 2007.
Rule 2.330(j) of the Florida Rules of Judicial Administration provides:
The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.
The petition for writ of prohibition filed may be considered premature as the trial judge has not yet ruled on the motion for disqualification. See generally Kelly v. Scussel, 167 So.2d 870 (Fla.1964) (holding that, when trial court set hearing on suggestion of disqualification, district court erred in entering order of prohibition, prohibiting judge from proceeding further in the case other than to enter his order disqualifying himself, as it deprived trial judge of right to ascertain whether to disqualify himself); City of Hollywood v. Diamond On The Beach, Inc., 855 So.2d 87 (Fla. 4th DCA 2003) (where trial court denied motions for disqualification as procedurally insufficient without considering legal sufficiency, granting petition only to the extent of returning consolidated cases to the trial court to make determination of legal sufficiency in the first instance); Novartis Pharms. Corp. v. Carnoto, 840 So.2d 410 (Fla. 4th DCA 2003) (where trial court *63 dismissed as untimely a motion to disqualify which this court determined was timely, returning case to trial court to determine issue of legal sufficiency).
However, rule 2.330(j) entitled Johnson to a ruling within thirty days and, failing that, to an order directing the clerk to reassign the case.[2]Compare Schisler v. State, 958 So.2d 503 (Fla. 3d DCA 2007) (granting a mandamus petition to direct the trial judge to quash his order denying a motion to disqualify the judge, where the judge did not rule within thirty days after service of the motion, even though the ruling was only one day late and petitioner's counsel acquiesced in setting a hearing on the motion outside the thirty-day time frame); Harrison v. Johnson, 934 So.2d 563 (Fla. 1st DCA 2006) (stating that, to the extent a movant seeks to compel a ruling by the circuit court on his motion to reassign, mandamus is the proper remedy).
The state argues in its response that Johnson's motion for disqualification was a nullity because Judge Makemson is a successor judge in Johnson's cases, and, as such, he cannot be disqualified unless he rules that he is not impartial in the case. See Fla. R. Jud. Admin. 2.330(g). However, rule 2.330(j) does not contain an exception for successor judges.
Accordingly, we treat the petition for writ of prohibition as a petition for writ of mandamus to compel the court to direct the clerk to reassign the cases, and grant it as it relates to the pending criminal cases. We dismiss the petition as it relates to the civil matters, which are now moot.
Dismissed as Moot in Part and Granted in Part.
POLEN, HAZOURI, and MAY, JJ., concur.
NOTES
[1] In L.T. case no. 06-287, the trial court entered a final order on December 8, 2006, dismissing Johnson's complaint seeking a writ of mandamus, and an order denying his motion for rehearing on January 11, 2007. Johnson appealed the dismissal and this court affirmed per curiam on July 25, 2007. (Case no. 4D07-577) Thus, at the time he filed the motion for disqualification, this case no longer was pending. With respect to L.T. case no. 06-227, on September 10, 2007, Johnson supplied this court with a copy of Judge Makemson's order dated August 28, 2007, reassigning the case to another judge. Thus, his efforts to disqualify Judge Makemson in this case too are now moot.
[2] There are exceptions. See Tobkin v. State, 889 So.2d 120 (Fla. 4th DCA 2004) (holding that trial judge's failure to rule on recusal motion within thirty days after it was filed did not require judge's automatic recusal, where court clerk's office mistakenly failed to forward motion to judge, the movant had mailed judge's copy of motion to wrong courthouse, and judge ruled on motion within six days after becoming aware of motion, and one day after receiving it); Chrispen v. State, No. 4D06-5009, 954 So.2d 1155 (Fla. 4th DCA Jan. 29, 2007) (denying prohibition petition, by unpublished order, stating "[b]ecause the petitioner did not serve a copy of the motion for disqualification on the trial judge, the court's order of denial was not untimely under Florida Rule of Judicial Administration 2.330(j)"). However, the state's response did not indicate that the motion was not properly served on the judge or that for some reason he did not receive it.