COPE, J.
 

 This is a petition for writ of prohibition seeking disqualification of the trial judge. We deny the petition because there is no certificate of service reflecting service on the trial judge.
 

 Rene Marquez was convicted of lewd and lascivious molestation and lewd and lascivious conduct and his convictions were
 
 *976
 
 affirmed without opinion in 2008.
 
 Marquez v. State,
 
 990 So.2d 1077 (Fla. 3d DCA 2008) (table). In November 2008, defendant-petitioner Marquez filed a motion to disqualify the trial judge. The judge did not rule on the motion within thirty days.
 

 The defendant filed a motion seeking reassignment of the case to a new judge. The trial court denied the motion and the defendant has filed a petition for writ of prohibition.
 
 *
 

 Under the Florida Rules of Judicial Administration, if a motion to disqualify a trial judge is not ruled on within thirty days, “the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.” Fla. R. Jud. Admin. 2.330(j);
 
 see Berube v. State,
 
 978 So.2d 893 (Fla. 2d DCA 2008);
 
 Johnson v. State,
 
 968 So.2d 61 (Fla. 4th DCA 2007);
 
 Schisler v. State,
 
 958 So.2d 503 (Fla. 3d DCA 2007);
 
 see also Tableau Fine Art Group, Inc. v. Jacoboni,
 
 853 So.2d 299 (Fla.2003).
 

 We deny the petition because the defendant’s motion does not contain a certificate of service showing that the motion for disqualification was served on the trial judge. Rule 2.330(c)(4) provides in part, “In addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080.” The intent of the rule is to be sure that the motion comes to the personal attention of the trial judge as soon as possible.' The Fourth District has said, and we agree, that prohibition will be denied where the petitioner did not serve a copy of the motion for disqualification on the trial judge as required by the rule.
 
 Johnson,
 
 968 So.2d at 63 n. 2. The certificate of service on the motion for disqualification reflects only that the defendant placed the motion in the hands of the prison officials for mailing, but does not reflect that a copy was served on the trial judge. We therefore deny the petition.
 

 Petition denied.
 

 *
 

 Apparently the motion for disqualification has never been ruled on. We assume the trial court’s logic was that by denying reassignment, the court was necessarily denying disqualification.