GRIFFIN, J.
Petitioner, William Todd Overcash [“Petitioner”], seeks a writ of prohibition from this Court to disqualify Senior Circuit Court Judge William T. Swigert from presiding over Marion County Case No. 2002-4655-DR-FJ, which involves a dispute with Petitioner’s former wife, Lori Ann Overcash, now known as Lori Ann Foultz *255 [“Respondent”] over the parties’ shared parenting responsibilities of their daughter. Specifically, Petitioner argues that his motion should be deemed granted because the judge failed to issue its ruling within the thirty-day time limit pursuant to Florida Rule of Judicial Administration 2.330(j). We agree that because the trial court’s order was untimely, the petition should be granted.
Petitioner timely filed a motion to disqualify the trial judge on August 19, 2011. The motion claimed judicial bias based upon several comments and actions the trial judge made during a hearing held on August 9, 2011. The trial judge denied Petitioner’s motion to disqualify on October 3, 2011, more than forty-five days after it had been filed.
Florida Rule of Judicial Administration 2.330(j) provides that once a motion to disqualify has been filed, the judge shall make its ruling immediately, but no later than thirty days.[1] Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299, 302-03 (Fla.2003). As rule 2.330(j) indicates, it must be read in conjunction with subsection (c) of the same rule, which provides that: “In addition to filing with the clerk, the movant shall immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080.” Fla. R. Jud. Admin. 2.330(c). Respondent argues that because the certificate of service on Petitioner’s motion to disqualify does not show that the judge was served, the thirty-day window for the judge to rule was not triggered. We disagree. A certificate of service serves as prima facie evidence that service of pleadings is in compliance with the rules, but such evidence is neither conclusive nor exclusive. See e.g. Fla. R. Civ. P. 1.080(f).
According to the filed affidavit of the Petitioner’s process server, on August 19, the same day the motion was filed, Judge Swigert’s copy of the motion to disqualify was hand delivered to the security officer on the fourth floor of the Marion County courthouse. Due to heightened security measures at the courthouse, documents being delivered to the judges were to be left with the security officer.
Respondent also objects that Petitioner did not file the affidavit of delivery by the process server until after the judge had ruled on the motion to disqualify, but that fact is of no significance. Service is the issue, not proof of service. See Tobkin v. State, 889 So.2d 120, 122 (Fla. 4th DCA 2004) (reference to Florida Rule of Civil Procedure 1.080 in Rule 2.330(c) “requires service in a manner designed to notify the judge of the existence of the motion”); cf. Marquez v. State, 11 So.3d 975, 976 (Fla. 3d DCA 2009) (denying writ of prohibition where the motion’s certificate of service did not reflect service of the motion to the trial judge and there was no other proof of compliance with Florida Rule of Civil Procedure 1.080). Here, although the certificate of service does not show service upon the judge, there appears to be no genuine dispute that the judge was promptly served. No evidence suggests he was not served and, in addition to the affidavit, there is corroborating evidence.
The record indicates that the judge was aware of Petitioner’s motion soon after its filing because the disqualification motion was met with a motion to strike and reply, *256 all of which were acknowledged in the judge’s order denying Respondent’s motion to strike on September 22, 2011. See Rosado v. State, 76 So.3d 1140 (Fla. 4th DCA 2012) (even if the trial judge had not received a copy of a motion to disqualify on the same date it had been filed, record evidence indicating that the judge had been aware of the motion during its pen-dency required that the motion to disqualify be deemed granted pursuant to rule 2.830(j)).
Thus, under rule 2.330(j), Petitioner’s motion to disqualify Judge Swigert was deemed to have been granted because it was not ruled on within 30 days. Petitioner’s writ for prohibition is granted.
PETITION GRANTED.
PALMER and TORPY, JJ., concur.

. Florida Rule of Judicial Administration 2.330(j) provides:
The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.