NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE LEILA CORPORATION OF ST. PETE, )
a Florida corporation, SUSAN J. AGIA, )
Individually and as trustee of the SUSAN )
J. AGIA LIVING TRUST, and DR. )
RAYMOND AGIA, )
                     )
            Petitioners, )
                     )
v.                        )           Case No. 2D14-1960
                     )
FAREED OSSI and OSSI CONSULTING )
ENGINEERS, INC., a Florida corporation, )
and OSSI CONSTRUCTION, INC., a )
Florida corporation, )
                     )
            Respondents. )
_____ )

Opinion filed August 8, 2014.

Petition for Writ of Prohibition to the Circuit
Court for Hillsborough County, James M.
Barton, II, Judge.

Arnold D. Levine and Robert H. Mackenzie
of Arnold D. Levine & Associates, P.A.,
Tampa, for Petitioners.

Stuart Jay Levine and Heather A. DeGrave
of Walters Levine Klingensmith & Thomison,
P.A., Tampa, for Respondents Fareed Ossi,
Ossi Consulting Engineers, Inc., and Ossi
Construction, Inc.

David A. Rowland, General Counsel,
Thirteenth Judicial Circuit, Tampa, for
Respondent James M. Barton, II.

KELLY, Judge.

In this petition for writ of prohibition, the petitioners assert that Judge James M. Barton, II, erroneously denied their motion to disqualify him as legally insufficient. We reject that argument. The petitioners alternatively argue that Judge Barton did not rule on their motion within thirty days of service of the motion as prescribed by Florida Rule of Judicial Administration 2.330(j), and thus their motion should have been "deemed granted." We also reject that argument and hold that the petitioners' service of the motion to disqualify did not comport with the rules; thus, Judge Barton's denial order was timely entered within thirty days of the date on which he actually became aware of the motion. For the following reasons, we deny the petition for writ of prohibition.

The underlying background facts in this case are somewhat convoluted and mostly irrelevant to this decision. Suffice it to say that on October 11, 2012, Judge Barton entered a final judgment against the petitioners, finding that both the petitioners and the respondents engaged in a scheme to defraud one petitioner's creditors. The court found that "the parties candidly admitted that they participated in the plan to hide Dr. Agia's assets from a potential personal injury judgment creditor." Accordingly, rather than considering the merits of the multiple claims and counterclaims in the lawsuit, Judge Barton entered judgments providing no relief to any party, based on the doctrine of unclean hands. The petitioners appealed to this court, and on January 17, 2014, this court reversed and remanded for additional proceedings. Leila Corp. of St. Pete v. Ossi, 138 So. 3d 470 (Fla. 2d DCA 2014). On January 23, 2014, within ten days of the entry of this court's opinion, the petitioners filed a motion to disqualify Judge Barton,

asserting that "it is clear from the provisions of the Final Judgment dated October 11, 2012, that although there is no basis in law or fact as evidenced by the opinion of the Second District Court of Appeal dated January 17, 2014, Judge Barton unquestionably believes that the Plaintiffs engaged in a conspiracy to defraud." Judge Barton did not receive this motion until March 3, 2014. On March 24, 2014, Judge Barton denied the motion to disqualify as facially insufficient. The petitioners filed a motion to vacate that order, which the judge denied on April 10, 2014.

At the outset, we note that although Judge Barton did not question the timing of the petitioners' motion to disqualify in denying the motion, it appears that any concerns the petitioners had about bias against them should have been raised in October 2012, when the final judgment was entered, yet they waited until this court reversed Judge Barton's ruling to file their motion to disqualify. This court's ability to second-guess the timeliness of the motion when it was not specifically deemed untimely by the circuit judge may be circumscribed. See Santa Catalina Townhomes, Inc. v. Mirza, 942 So. 2d 462, 464 (Fla. 4th DCA 2006) (en banc). But our analysis does not depend on the timeliness of the motion, as it is clear that the facts alleged in the motion do not demonstrate that Judge Barton was personally prejudiced against the petitioners or that reasonable persons in their position would fear not receiving a fair trial on remand "because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1). Rather, Judge Barton made an adverse ruling (subsequently overturned by this court) in the exercise of his legitimate judicial function. See Santisteban v. State, 72 So. 3d 187, 194 (Fla. 4th DCA 2011) ("The fact that the judge has made adverse rulings against the [movant] in the past is not an adequate ground for

recusal, nor is the mere fact that the judge has previously heard the evidence.");

Claughton v. Claughton, 452 So. 2d 1073, 1073-74 (Fla. 3d DCA 1984) ("We cannot on

the record before us conclude that the statements set forth in the final judgment upon

which the petitioner based her application to disqualify the trial judge were so unrelated

to the issues being tried as to constitute other than adverse judicial rulings which under

well-settled law are not a basis for disqualification for bias or prejudice.").

Regardless of the timing, the motion to disqualify was procedurally

deficient as well as facially insufficient.  First, it did not contain a certificate of service on

Judge Barton, even though rule 2.330(c) specifically requires the movant immediately to

serve a copy of the motion on the judge.  We agree with Judge Barton's finding, in an

order denying the petitioners' motion to vacate the order denying their motion to

disqualify, that the lack of a certificate of service in and of itself is not fatal.  See

Overcash v. Overcash, 91 So. 3d 254, 255 (Fla. 5th DCA 2012).  But the means of

service was legally flawed.

The undisputed fact is that the petitioners attempted to serve a copy of the

motion on Judge Barton by leaving it in a multi-slot drop-box in a public hallway of the

courthouse on January 23, 2014.  Next to the drop-box is an intercom for

communication with the judges' judicial assistants.[1]  The petitioners assert that they

---

[1]The description of the drop-box was provided in a response on behalf of
Judge Barton, filed by the Thirteenth Judicial Circuit court counsel, as well as in the
Ossi respondents' response.  We note that in his response, Judge Barton did not
address the facial sufficiency of the motion to disqualify or take any issue with any facts
recited in the petitioners' motion or petition.  Thus, Judge Barton has not taken an
adversarial position requiring his disqualification by filing a response in this court.  Cf.
Ellis v. Henning, 678 So. 2d 825, 827 (Fla. 4th DCA 1996) ("[W]e are compelled to grant
the writ of prohibition because the responses, filed on behalf of the trial judge by an

- 4 -

validly assumed that this drop-box was meant to serve as a depository for the required service of their motion for disqualification on the judge. However, Judge Barton did not actually receive a copy of the motion until March 3, 2014, and he did not even know of the existence of the motion prior to February 27, 2014, when the petitioners transmitted a copy of a proposed order of disqualification to him.

The reason for the rule requiring service of a motion to disqualify on the judge is to insure that the judge is actually aware of the existence of the motion. See Tobkin v. State, 889 So. 2d 120, 122 (Fla. 4th DCA 2004). In this case, Judge Barton was not actually aware of the existence of the motion until over thirty days after it had been filed. This was due to the means of service chosen by the petitioners, which was not only actually ineffective but procedurally improper.

Rule 2.330(c) requires the movant who files a motion to disqualify a judge to "immediately serve a copy of the motion on the subject judge as set forth in Florida Rule of Civil Procedure 1.080." Rule 1.080(a), in turn, directs that all documents filed in an action "must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516," which provides that virtually all service is to be by e-mail, with certain limited exceptions applicable to parties not represented by an attorney. Specifically, rule 2.516(b)(1)(C) provides that if a party is not represented by an attorney, that party may nevertheless designate an e-mail address for service. In the case of a party who has not designated an e-mail address, other specific options for service are set out in rule 2.516(b)(2).

---

assistant attorney general . . . impermissibly took issue with the accuracy of plaintiffs' allegations.").

We realize that Judge Barton is not a party to this lawsuit.[2]  However, because they are required to be served in accordance with these rules, judges should probably be considered to be parties to the proceedings on motions to disqualify, particularly since the service rules speak basically only to service on attorneys, parties with designated e-mail addresses, and parties not represented by attorneys who do not have designated e-mail addresses.  In denying the petitioners' motion to vacate the order denying their motion to disqualify, Judge Barton observed that the petitioners could have served him electronically through the Thirteenth Judicial Circuit's scheduling and case management service (JAWS), by e-mailing his judicial assistant, or by e-mailing him personally at the address provided in The Florida Bar's online directory.  Our view is that these are all reasonable alternatives and that e-mail service on a judge in this context should probably be required, but that is not the basis for our ruling.

Rather, even if the rules cannot be interpreted to require e-mail service on Judge Barton, several alternatives are set out for service other than by e-mail.  Rule 2.516(b)(2) provides that "[s]ervice on and by all parties who are not represented by an attorney and who do not designate an e-mail address . . . must be made by delivering a copy of the document or by mailing it to the party . . . ."  Delivery is accomplished by handing it to the party, leaving it at the party's office with a clerk or other person in charge, or, "if there is no one in charge, leaving it in a conspicuous place <u>therein</u>."  Rule 2.516(b)(2)(C) (emphasis supplied).  Alternatively, delivery may be accomplished by means of facsimile transmission.  These rules plainly do not contemplate the means of

---

[2]We note, however, that Judge Barton is a party to the proceedings in <u>this</u> court by virtue of the filing of the petition for writ of prohibition, although his name is omitted from the caption.  <u>See</u> Fla. R. App. P. 9.100(e)(2).

delivery that the petitioners attempted to use in this case—a drop-box in a publicly accessible hallway. The 1967 Authors' Comment to rule 1.080 reinforces our interpretation of the current version of the rules. The authors went to some lengths to describe what was necessary to insure that the motion or other pleading or paper was actually delivered to the party:

> It should be noted that the copy must be left with the clerk or person in charge of the office when that person is in the office so that giving it to such person in the hall or elevator or giving it to a clerk at the courthouse would not be a valid service within the meaning of the rule . . . .
>
> . . . .
>
> Where no one is in charge of the office, delivery may be made by leaving the copy in a conspicuous place. This provision covers the case where everyone is out of the office but the door is left open . . . . The copy must be left in the office and cannot be left outside and probably could not be left on the threshold.

Fla. R. Civ. P. 1.080 cmt. (1967). These comments are not only instructive but also reflect a common-sense interpretation of the meaning of actual delivery to a party's office—the motion must be left within the office.

Moreover, on his page on the Thirteenth Judicial Circuit website, Judge Barton has outlined certain instructions under the Procedures/Preferences tab. At the conclusion of this page, in bold capitalized type, is this note: **PLEASE SUBMIT ALL MOTIONS AND ORDERS DIRECTLY TO THE PRESIDING JUDGE'S OFFICE ROOM #516.** http://www.fljud13.org/JudicialDirectory/JamesMBarton,II/ProceduresPreferences.aspx (last visited July 17, 2014). There is nothing about the drop-box on his website, and a finding that this hallway drop-box should be deemed an extension of the judge's office would strain the meaning and distort the intent of the applicable rules.

Accordingly, we hold that the petitioners' motion to disqualify Judge Barton was legally insufficient and he correctly denied it as such. Furthermore, because service was not accomplished in accordance with rules 1.080 and 2.516, the thirty-day time within which Judge Barton was required to rule on the motion did not run until he actually received it. Accordingly, the automatic grant provision of rule 2.330(j) was not triggered.

The petitioners' petition for writ of prohibition is denied.

WALLACE and KHOUZAM, JJ., Concur.