PER CURIAM.
Henry McCone seeks a -writ of prohibition to quash an order denying his motion to disqualify the trial judge below. McCone’s petition does not address the merits of his motion to disqualify. Instead, he argues that the motion was deemed granted when the trial judge failed to rule on it within thirty days of service. McCone filed his motion on June 3, 2015. The motion was denied on July 28,2015. In the order denying the motion, the lower court noted that the motion was not properly Served.[1] We agree.[1]
Florida Rule of Judicial Administration 2.330(c) incorporates the standards for service set out in Florida Rule of Civil Procedure 1.080. Rule 1.080 mandates that service of all documents filed in an action must conform with Florida Rule of Judicial Administration -2.516. • Rule 2.516(b)(1), in turn, requires service “by e-mail.” Certain exceptions to the email requirement are provided for under rule -2.516(b)(2)(A-E). See Leila, Corp. of St. Pete v. Ossy 144 So.3d 644, 647-48 (Fla. 2d DCA 2014).
McCone did not properly serve the trial judge in conformity with the rules. He did not email the judge, nor did he allege an exception to' the email requirement. He-also did not take any action to conform with the alternative means of service. See Fla. R. Civ.- P. 1.080; Fla. R. Jud. Admin. 2.330, 2.516. ' Therefore, the automatic grant provision of rule 2.330(j) was. not triggered. Accordingly, we denied the pe *906 tition for writ of prohibition.[2]
PETITION DENIED.
LAWSON, C.J., COHEN and LAMBERT, JJ., concur.

. The trial court’s entiy of an order, nunc pro tunc to June 11, 2015, is ineffectual to comply with the thirty-day requirement of Florida Rule of Judicial Administration 2.330(j).

. The petition for writ of prohibition was denied by order on August 24, 2015.