IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY R. BAKER JR.

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1702

Opinion filed October 31, 2017.

Petition for Writ of Prohibition -- Original Jurisdiction.

Anthony R. Baker Jr., pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Amanda D. Stokes and Jennifer J. Moore, Assistant Attorneys General, Tallahassee, for Respondent.

PER CURIAM.

Petitioner Anthony Baker Jr. seeks a writ of prohibition disqualifying the lower tribunal judge from a criminal matter in which Baker is proceeding *pro se*. For the reasons explained below, we grant the petition, but instead of ordering the appointment of a successor judge, we quash the order denying the motion for disqualification and remand for the lower tribunal judge to consider the legal sufficiency of Baker's

disqualification motion in the first instance.

Baker filed a motion to disqualify the trial judge who is presiding over his criminal case. It is unnecessary for purposes of this opinion to address the merits of that motion, except to say that the motion was not properly served on the judge whom Baker was seeking to disqualify. The judge entered an order denying the motion to disqualify, which stated that the sole reason the motion was being denied was that it was not properly served on the judge per Florida Rule of Judicial Administration 2.330(c)(4). The order did not address the legal sufficiency of the motion to disqualify.

Petitioner filed a petition for writ of prohibition, arguing that the motion was legally sufficient and should have been granted. The state filed a response asserting that the motion was properly denied because it was not correctly served on the lower tribunal judge. The proper remedy, the state suggests, is for petitioner to file a new motion to disqualify with proper service. Both the petitioner and the state make additional arguments relating to the merits of the motion to disqualify, which we do not discuss here.

The issue presented in this case is whether a motion to disqualify may be denied solely upon the basis that it was improperly served when it is ultimately received by the trial judge. Case law shows that improper service of a motion to disqualify nullifies the portion of Florida Rule of Judicial Administration 2.330(j) that provides that such a

motion is deemed granted if not ruled upon within 30 days. See, e.g., McCray v. State, 151 So. 3d 449 (Fla. 1st DCA 2014); Harrison v. Johnson, 934 So. 2d 563 (Fla. 1st DCA 2006); Marquez v. State, 11 So. 3d 975 (Fla. 3d DCA 2009). There is no case which holds, however, that improper service alone is a sufficient reason to deny a motion once received.

In Leila Corp. of St. Pete v. Ossi Consulting Engineers, Inc., the court noted that "the lack of a certificate of service in and of itself is not fatal," and held that the 30-day time period began to run from the date the trial judge actually received the motion. Leila Corp. of St. Pete v. Ossi Consulting Engineers, Inc., 144 So. 3d 644, 646-47 (Fla. 2d DCA 2014) (*citing* Overcash v. Overcash, 91 So. 3d 254, 255 (Fla. 5th DCA 2012)). In Overcash, the court wrote that "[s]ervice is the issue, not proof of service." *Id.* (*citing* Tobkin v. State, 889 So. 2d 120, 122 (Fla. 4th DCA 2004) (discussing Florida Rule of Civil Procedure 1.080 in reference to rule 2.330(c) and noting that the rule "requires service in a manner designed to notify the judge of the existence of the motion")).

Here, it is clear that the judge received the motion because he ruled on it, and in fact, he did so within 30 days. We conclude that improper service, where service ultimately was effected on the trial judge, was not a sufficient reason for denial of the motion, and that the trial judge was required to rule on the legal sufficiency of the motion in his ruling. We therefore quash the order denying the motion to disqualify,

3

and remand for the trial judge in this case to make a ruling on the legal sufficiency of the motion to disqualify in the first instance. *See generally* Kelly v. Scussel, 167 So. 2d 870 (Fla. 1964). We note that this is a more appropriate remedy than the state's suggestion of requiring the petitioner to refile the motion to disqualify with proper service, as this would require the petitioner to file a motion to disqualify that is untimely per Florida Rule of Judicial Administration 2.330 and thereby deprive him of a ruling on the legal sufficiency of the motion.

PETITION GRANTED; ORDER QUASHED; REMANDED.

MAKAR, OSTERHAUS, and WINOKUR, JJ., CONCUR.